# Charles Gibb, Appellee, v. Hazel Merrill, Appellant.
## Gen. No. 7,362.

1. VENDORS AND PURCHASERS—*when correction of title by vendor prerequisite to put purchaser in default.* Where the consummation of a contract for the sale of land was prevented by the inability of the vendor to convey a merchantable title and the vendor agreed to perfect her title by court proceedings while in the meantime a lease was executed under which the vendee went into possession, which lease was "extended until title to said premises is quieted as aforesaid," it was incumbent upon the vendor to correct the title as a condition precedent before she could demand performance by the vendee, and it was only necessary on the part of the vendee that he be ready, willing and able to perform his part of the contract.

2. VENDORS AND PURCHASERS—*sufficiency of evidence to show default by vendor.* In an action of trespass on the case for breach of a contract to convey a merchantable title to certain real estate where it was stipulated that the vendee's attorney rendered an opinion that the title was not merchantable because an undivided interest belonged to certain minor heirs and the defect was apparently recognized by the vendor who executed a lease of the premises to the vendee which was to terminate when title should be perfected, which lease with the time for perfecting title was subsequently extended, and it appeared that three years later title had not been perfected, the evidence amply showed that defendant was in default.

3. DAMAGES—*when provision for damages in land contract sustained by evidence as for liquidated damages.* In an action for breach of a contract to convey real estate in which there was a provision for liquidated damages in the sum of $800 in case of breach by either party, such sum was properly construed to be liquidated damages instead of a penalty where it appeared that the sale price was $7,800, that there was no fraud or circumvention in obtaining the contract and the actual damages would be hard to ascertain.

4. VENDORS AND PURCHASERS—*admissibility of general testimony by purchaser that he was "ready, able and willing" to perform.* In an action by a vendee for damages for breach of a contract to convey a merchantable title to land, the court properly permitted plaintiff to testify that he was ready, able and willing to perform without requiring him to go into detail in the matter.

5. VENDORS AND PURCHASERS—*when proffered evidence in action for breach by vendor properly excluded.* In an action for damages for breach of a contract to convey land in which it was stipulated that plaintiff's attorney rendered an opinion on the abstract that defendant did not have a merchantable title because of an outstanding interest in minor heirs and it appeared that defendant had apparently recognized such defect by executing a lease and a renewal thereof to plaintiff for possession of the premises while the defect was being removed by court proceedings, the court properly excluded as immaterial evidence relative to a tender and offer of performance and as to the opinion of the special master to whom the partition suit instituted by defendant to clear the title as to whether such suit was well taken.

6. VENDORS AND PURCHASERS—*propriety of excluding evidence of depreciation during purchaser's occupancy in action for breach of contract to sell.* Where a vendee was put in possession of premises under leases while the vendor was perfecting her title and so remained in possession for nearly three years, paying rent, he was under no obligation to make repairs or keep the property in proper condition, and in an action for damages brought by the vendee for failure to convey, the court properly excluded proof of depreciation of the property to sustain a claim of set-off.

7. VENDORS AND PURCHASERS—*when verdict properly directed for purchaser in action for damages for breach of contract of sale.* In an action for damages for breach of a contract to convey real estate where most of the evidence consisted of written contracts, outside of which there was but little dispute, and under the facts there could be no question but that defendant was liable, the court properly directed a verdict for plaintiff.

Appeal by defendant from the Circuit Court of Livingston county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed July 24, 1924.

E. A. AGARD and GREENEBAUM & BURNS, for appellant.

ADSIT, THOMPSON & HERR, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

At the October term, 1923, of the circuit court of Livingston county, appellee, Charles Gibb, began an action of trespass on the case for breach of contract

against appellant, Hazel Merrill. There was a trial by jury, and at the close of all the evidence the court directed a verdict against appellant for $1,600, being for $800 paid on the contract and for a like sum as damages. From the judgment entered upon the verdict an appeal has been prosecuted to this court.

Appellee, on August 9, 1919, purchased from appellant, under a written contract, a residence property in the City of Fairbury. The consideration was $7,800, of which amount $800 was paid in cash, and the balance was to be paid upon the delivery of the deed and possession of the premises on or before November 1, 1919. The contract provided that if either party failed to carry out the agreement, such party should forfeit and pay to the other $800, in full as liquidated damages. The appellant agreed to furnish an abstract showing a merchantable title, and in case it was found that the title was defective she was to be given time to have it corrected. After the abstract was delivered to appellee he had it examined by his attorney, who furnished a written opinion holding that the title was not merchantable for the reason that an undivided one-fifth interest in the property was outstanding in certain minor heirs. The appellee delivered this opinion to appellant and her attorney, and the attorney told him that while he thought the title was merchantable, that appellant would make the title comply with the opinion, and they would bring a partition suit for that purpose. On December 17, 1919, appellant and appellee entered into another written contract or lease by the terms of which appellee went into possession of the property for a term ending December 31, 1920, at a rental of $20 per month, unless the lease was sooner terminated by the delivery of a deed. By this lease it was agreed that as soon as satisfactory title could be made by virtue of partition proceedings that the contract of sale should be consummated and the lease terminated. The

appellee occupied the premises until the expiration of his lease. The title had not been corrected, and the parties just prior to the expiration of the lease made a written memoranda on the lease to the effect that there should be a further extension of time under the lease until the title was quieted. On December 24, 1919, a partition suit was filed in the circuit court presumably to correct this title. The cause was referred to a special master but no steps were taken to hear the evidence after June 11, 1920. The cause remained on the docket until October 20, 1923, when the suit was dismissed. Nothing further was done to correct the title, and no additional abstract was ever furnished appellee showing a merchantable title. The appellee testified to various conversations with appellant and her attorney, in which he asked for an abstract and deed and told them he was willing to settle. He testified he was able, willing and ready to settle at any time during the four years, provided appellant would correct the title according to her agreement. Appellee testified appellant told him this property would be taken through court with some other property of hers, but nothing was done. On August 13, 1923, appellee delivered to appellant a written notice informing her that he had vacated the premises and terminated the contract. He demanded the $800 paid on the contract, together with the $800 liquidated damages provided for in the contract. She refused to make payment and this suit was commenced.

Appellant insists that in order for one party to put the other in default it is essential as a primary requisite that the first party show, either that he has performed, or has made a tender of performance, or that the opposite party has made it impossible to perform. Appellant contends that in this case there is no evidence to establish either of these three essentials; that appellee made some general statements about wanting to close the deal, and about calling upon

the appellant for a deed, but there is no evidence that he offered to pay the $7,000, or that he was able to comply with the terms of the contract, and for this reason there can be no recovery.

The original contract provided that appellee was to pay the balance of $7,000 upon the delivery of a deed and the possession of the premises. Under this contract the delivery of the deed and the payment of the money were concurrent acts. The lease provided: "It is agreed that as soon as satisfactory title to said premises can be made by first party, by virtue of partition proceedings which said first party is about to institute, that the contract of sale existing between said parties shall be consummated and this lease shall be terminated as aforesaid." On December 24, 1920, the parties added the following: "By mutual agreement this lease, with its provisions as to rent and time and place of payment and occupancy, is extended until title to said premises is quieted as aforesaid." After these additions to the contract it was incumbent upon the appellant to correct the title as a condition precedent before she could demand performance by the appellee. It was only necessary on appellee's part that he be ready, willing and able to perform his contract. In *Clark v. Weis,* 87 Ill. 438, it was said: "As the agreement required only that the acts of both parties should be done at the same time, neither was obliged to do the first act, or consequently to perform his part of the agreement without or before the other. The plaintiff, in order to sustain this action, need only to show that he did what the law required of him; and all that it required was, that he should be ready and willing to perform on his part, if the defendant was ready to perform on his.   *   *   *   Such readiness, ability and notice are sufficient evidence of, and indeed imply, an offer or tender in the sense in which those terms are used in reference to the kind of agreements we are now considering. It is not an absolute

unconditional offer to do or transfer anything at all events, but it is, in its nature, conditional only, and dependent on, and to be performed only in case of, the readiness of the other party to perform his part of the agreement.'' To the same effect is *Glos v. Wilson*, 198 Ill. 44; *Blunt v. Kelly*, 219 Ill. App. 327. Under the evidence it sufficiently appeared that appellee was ready, willing and able to comply with his contract and that was all he was required to do.

It is next contended that the evidence does not show that appellant failed to comply with the terms of her contract. In support of this contention it is urged that under the three instruments which constituted the contract, appellant agreed to convey the property for $7,000 and furnish an abstract showing merchantable title; that there was in the contract no agreement by appellant to institute or complete a partition proceeding; that appellee's declaration is based upon a failure to convey a merchantable title, and appellant contends the proof does not show such failure. This position is not sustained by the evidence. The original contract provided that an abstract showing merchantable title in appellant was to be delivered to appellee, brought down to date, and that there should be sufficient time for an examination of the same before the deed and possession were delivered. On the trial it was stipulated that the attorney to whom appellee delivered his abstract for examination rendered an opinion that the title was not merchantable because an undivided one-fifth interest belonged to certain minor heirs. This defect was apparently recognized by the appellant for the reason that on December 17, 1919, the lease was executed. In further recognition of the defect, the agreement of December 24, 1920, was executed, extending the time within which title should be corrected. The only reasonable construction to be placed upon these acts is that appellant recognized the defective title, agreed to remedy

it, and sought to do so, but failed to secure a merchantable title. It is too well settled to require citation of authorities that under this contract the title was to be quieted within a reasonable time. The evidence amply shows the failure of appellant to comply with the terms of the contract, and for that reason she was in default.

Appellant insists that the damages specified in the contract were not liquidated damages; that the primary purpose in specifying the damages was to secure the performance of the contract; that the damages provided for applied only to such damages as might be reasonably contemplated under the contract; that there is no proof of any damages; that the damages are excessive. Parties to a contract have a right to stipulate under certain circumstances that upon a breach thereof that a fixed sum shall be paid as liquidated damages. *Scofield v. Tompkins,* 95 Ill. 190. Even though the contract provides for liquidated damages, such provisions will not always be enforced by the courts. Courts lean to the construction which allows only the loss actually sustained, but will consider the language used in the contract, the subject-matter of the contract, and endeavor to find the true intent of the parties and do justice between them. The fact that the parties used the words "liquidated damages" is not always conclusive that such damages are intended. If a sum fixed by a contract is in fact a penalty and not liquidated damages, the measure of recovery is the actual loss. *Hennessy v. Metzger,* 152 Ill. 505. Courts are inclined to construe a provision as a penalty when there is no particular difficulty in ascertaining and computing damages. *Giesecke v. Cullerton,* 280 Ill. 510. The amount stated in a contract for the sale of land as liquidated damages upon a breach is properly treated as liquidated damages instead of a penalty, where there is no fraud or circumvention, and nothing to indicate that the amount

is unconscionable, or disproportionate to the actual damages suffered. *Pinkney v. Weaver,* 216 Ill. 185. In *Gobble v. Linder,* 76 Ill. 157, $1,500 was provided by a contract as liquidated damages in case of a failure to exchange farms, and on page 160 the court said: "In case of a breach of the agreement it would be difficult to estimate and prove, with any degree of certainty, the amount of damages sustained, and for that reason we may well presume, in the language of the books, the damages have been the subject of calculation and adjustment, and the sum named was the amount definitely agreed upon." In *Burk v. Dunn,* 55 Ill. App. 25, the contract provided for $1,000 as liquidated damages in the case of a real estate deal, and it was held that the manifest intention of the parties cannot be disregarded when the result is not unconscionable. In such case the law will enforce the stipulation, and the provision will be held as liquidated damages and not as a penalty. In this case at bar, the property was sold for $7,800. There is no evidence of any fraud or circumvention in obtaining the contract. The parties apparently knew what they were doing. It was a contract for the sale of real estate where the damages would be hard to ascertain, and under these circumstances we think the court properly construed the damages provided as liquidated damages and not as a penalty, and for this reason there was evidence to sustain not only damages, but the amount which the court instructed the jury to allow.

Complaint is made that the court improperly permitted appellee to testify that he was ready, able and willing to perform; that the court improperly refused to permit appellant to ask him if he had not refused to accept title unless compelled to accept it by a lawsuit; that the court improperly excluded evidence relative to a tender and offer of performance; that the special master, to whom the partition suit was re-

ferred, was asked whether he did not say the bill for partition was not well taken, and that he would recommend that it be dismissed for want of equity, and this evidence was excluded. The appellee was also asked whether there were any liens or incumbrances upon the property, and an objection to this evidence was sustained. The court was correct in permitting appellee to testify that he was ready, able and willing to perform the contract. That was all he was required to prove. It was not necessary that he go into detail in the matter as contended by appellant. We do not think there was any error in any of the evidence excluded by the court. All of this evidence excluded was immaterial under the pleadings in the case and the questions at issue, and the court properly refused to permit appellant to go into these questions.

Appellant gave notice of a set-off on account of the depreciation in the value of the property during the time appellee occupied it. The court sustained an objection to this proof and this ruling is assigned as error. The contract provided that the deed should be delivered and possession given on November 1, 1919. The appellee was not in default under this contract, but the failure to carry it out was on account of the refusal of appellant to obtain a merchantable title. As a result of this the leases were executed which put appellee in possession for almost three years, during which time he paid rent. Under this lease he was under no obligations to make repairs or to keep the property in proper condition. Therefore any depreciation in its value subsequent to the contract was not material and the court properly excluded this evidence.

Complaint is made that the court improperly directed a verdict in favor of appellee, and refused certain instructions offered by appellant. Most of the evidence consisted of the written contracts between the parties. The construction of these contracts was

a question of law for the court. Outside of the contracts there was very little dispute as to what actually took place. Where reasonable minds could arrive at but one conclusion under the evidence, it then becomes the province of the court to direct a verdict. Under the facts there can be no question of the liability of the appellant, and for this reason the court properly directed a verdict in favor of appellee.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*