**Elaine Madigan, Plaintiff-Appellant, v. George Buehr and Margo Hoff Buehr, Defendants-Appellees.**

Gen. No. 53,830.

First District, Third Division.

May 21, 1970.

Rehearing denied June 26, 1970.

Richard E. Mansfield, Jr., of Chicago (Katz, Karacic & Mansfield, of counsel), for appellant.

Marovitz, Powell and Pizer, of Chicago (Harold Marovitz, of counsel), for appellees.

---

\* See **Callaghan's Illinois Digest, same topic and section number.**

9

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The issue in this appeal is whether the beneficiary of a land trust has the right to contract for the sale of the trust property.

The plaintiff, Elaine Madigan, agreed to sell a two-apartment building to the defendants, George and Margo Buehr, for $30,000. At the time the contract was executed the real estate was in a land trust of which Mrs. Madigan was the sole beneficiary. The Buehrs deposited a $4,000 check with Mrs. Madigan's agent as earnest money, with the written understanding that if they defaulted on the terms of the contract the money would, at the option of Mrs. Madigan, be forfeited as liquidated damages. The Buehrs defaulted; their $4,000 check was returned because of insufficient funds and Mrs. Madigan sued for damages.

In their answer to Mrs. Madigan's complaint, the Buehrs asserted that she was not the owner of the real estate specified in the contract and was without authority to sell the property because the title was in the name of the trustee. Mrs. Madigan replied that she was the owner of the entire beneficial interest in the property and that under the terms of the trust she had the power to contract for its sale. At the trial the parties stipulated to the evidence and also stipulated that Mrs. Madigan was at all times ready, willing and able to direct the trustee to execute a deed to the Buehrs and that she would have done so but for the fact that the check deposited by them was returned for lack of sufficient funds. The trial court held for the Buehrs and dismissed the suit.

The agreement between Mrs. Madigan and the trustee contains the following pertinent provisions:

> "[T]he interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the

title to said real estate and to manage and control said real estate as hereinafter provided. . . .

. . . . . .

"While [the trustee] is the sole owner of record of the real estate referred to herein, and, so far as the public is concerned, has full power to deal therewith, it is understood and agreed by the parties hereto . . . that [the trustee] will . . . convey title to said real estate, execute and deliver deeds for or otherwise deal with the title to said real estate only when authorized to do so in writing and that it will . . . on the written direction of . . . such person . . . as may be beneficiary . . . at the time, make deeds for, or otherwise deal with the title to said real estate. . . .

"The beneficiary . . . hereunder shall in . . . her . . . own right have the full management of said real estate and control of the selling . . . thereof . . . ."

██ The land trust, which is indigenous to Illinois, permits a trustee to hold the legal and equitable title of the trust property while the beneficiary controls its management and retains the power of direction over the trustee. The trust has been approved, and the powers of the trustee and beneficiary distinguished and their responsibilities defined, in many cases starting with Kerr v. Kotz, 218 Ill App 654 (1920). It has been uniformly held that the interest of the trustee is confined to the title and the interest of the beneficiary is personal property. In re Estate of Peters, 34 Ill2d 536, 217 NE2d 3 (1966); Sterling Savings & Loan Ass'n v. Schultz, 71 Ill App2d 94, 218 NE2d 53 (1966). The trustee's power over the title is set out in the trust deed and is complete as far as the public is concerned. The power is limited,

11

however, by the trust agreement which provides that the trustee must deal with the title as the beneficiary directs.

It has been said that only the trustee can accept an offer to purchase or contract to sell the trust property. In Marshall Savings & Loan Ass'n v. Chicago Nat. Bank, 56 Ill App2d 372, 206 NE2d 117 (1965) a family named Smith entered into a sales contract with Leonard Gervasio for the purchase of a vacant lot and a house which was to be constructed by him. The real estate was held in a land trust and Gervasio was the beneficiary of the trust. The Smiths made three payments to Gervasio totaling $3,390. Prior to its final completion, the residence was destroyed by fire. The property had been mortgaged by the trustee and the mortgagee foreclosed. The trial court ruled that the Smiths had an equitable lien for $3,390 in the real estate. On appeal the mortgagee contended that the Smiths had no right that attached to the real estate. In upholding this contention the Appellate Court noted that the Smiths had no dealings with the land trustee—only with Gervasio, the beneficiary. The court stated:

> "It is well established under the Illinois law that the beneficiary of a land trust can neither contract to sell the real estate nor accept an offer to purchase it. Schneider v. Pioneer Trust & Savings Bank, 26 Ill App2d 463, 168 NE2d 808; Chicago Federal Savings & Loan Ass'n v. Cacciatore, 33 Ill App2d 131, 178 NE2d 888."

The cases cited do not support this broad declaration of the law. Although there is language in both cases to this effect, Schneider held that a beneficiary could not accept a written purchase offer addressed to a trustee and Cacciatore held that a Federal tax lien against a beneficiary did not attach to the real estate.

Other than the Marshall case, we know of no definitive decision holding that a beneficiary cannot contract to sell the trust property. In fact, there are decisions which indicate the contrary. In Burns v. Epstein, 413 Ill 476, 109 NE2d 774 (1952), the beneficiary contracted to sell the trust property. He received a down payment of $500 but did not follow through on his commitment to sell. The purchaser filed a suit for specific performance and tendered the payment called for by the contract. The beneficiary, in moving to dismiss the complaint, urged that the contract was uncertain as to who should execute the deed. The trial court dismissed the complaint but the Supreme Court reversed, saying:

> "Arguments that the contract is vague because . . . no person is named who is to execute the deed merit little attention. The seller and beneficial owner is entitled to the purchase price, and he has the obligation to convey the property or cause it to be conveyed. As title is held by the trustee, when the time for performance arrives, the deed should be executed by it."

The case of Brannen v. LaSalle Nat. Bank, 18 Ill2d 116, 163 NE2d 476 (1959), also involved a land trust. The plaintiff, whose offer to purchase the trust property had been accepted, sued for specific performance of the real estate contract. The plaintiff's offer had been accepted by the defendant who was the executor of the estate and the sole beneficiary. The defendant, who was also the trustee under the land trust, contended that since the acceptance was executed by it as executor and not as trustee and since it held legal title under the trust and not through the estate, it did not have power to sell. The trial court dismissed the plaintiff's complaint and he appealed. The Supreme Court noted that the trustee in its

13

capacity as trustee held legal title to the property, and in its capacity as executor and testamentary trustee owned the entire beneficial interest. In reversing the trial court the reviewing court stated:

> "It is unreasonable to say that, with full and complete power to sell and convey the beneficial interest, the bank as executor or testamentary trustee could not direct itself as land trustee to execute the deed."

In Burns and Brannen the purchaser was permitted to *enforce* a sales contract despite the fact that the seller-beneficiary did not possess title. In the instant case, the purchaser was permitted to *avoid* a sales contract because the seller-beneficiary did not possess title. Mrs. Madigan argues with considerable logic that if a purchaser has the right to enforce a sales contract against a beneficiary, a beneficiary should have the reciprocal right to enforce the contract against a purchaser. The beneficiary's right to do just this was recognized in Beilin v. Krenn & Dato, 350 Ill 284, 183 NE 330 (1932). The Beilin case involved a trust very similar to an Illinois land trust. The trust agreement provided that it was the duty of the trustee to convey the whole or part of the property when ordered to do so by the agent of the beneficiaries. The agent, or the manager as he was called, contracted to sell two lots of the trust property and accepted a down payment and subsequent payments on the purchase price. The buyers sued to recover the money they had paid on the ground that the contract was void for want of a vendor. At the trial the manager tendered the trustee's deeds to the two lots. On appeal, the buyers repeated their contention that they were not bound by the contract because the beneficiaries did not hold title to the property. The reviewing court held that the beneficiaries were the real vendors in the sales contract:

14

"By their contracts made through the manager they agreed . . . to convey the lots in controversy to the vendees upon their complying with certain terms. It is of no consequence that the legal title was in the Chicago Title & Trust Company, as trustee. That feature was merely a part of the general plan of the trust. The agreement to convey fixed the responsibilities of the vendors."

The general principle underlying the Beilin holding is that the validity of a sales contract is not impaired by the seller's not having title when the contract is executed if, when the time arrives, he is able to tender the deed required by the contract. The case of White v. Bates, 234 Ill 276, 84 NE 906 (1908), illustrates this principle. An owner contracted to sell his home and to furnish the buyer a title free of encumbrance. The contract stipulated that if either party failed to comply with the provisions of the contract the defaulting party would pay the other $1,000. The home was occupied by the seller and his wife as a homestead, but she was not a party to the contract. She joined, however, in the execution of the deed and it was tendered to the buyer who refused to accept it. The seller sued for $1,000 and the buyer defended on the ground that the contract was void because it was not signed by the wife. Judgment was entered for the seller and the buyer appealed. In affirming the judgment the court stated:

"It is not essential to the validity of a contract for the sale of real estate that the grantor should have the title at the time the contract is made. It is sufficient if, when the specified time arrives, he is able to tender, and does tender, a deed as required by his contract."

█ The pertinent feature distinguishing the present case from Burns, Brannen and Beilin is that in each of

those cases the purchaser knew that he was dealing with the beneficiary. In Burns, the contract of sale described the seller as the beneficiary of the trust; in Brannen, the contract of sale described the seller as the executor of the beneficiary's estate, and the purchaser knew the property was held in trust; in Beilin, the contract of sale was executed by the manager in the name of the beneficiary and the name of the trustee was disclosed in the contract. In the present case the sales contract did not disclose either that the property was held in trust or that Mrs. Madigan was the beneficiary. In the contract and in her complaint she represented herself as the owner of the property. This she was not. Although the beneficiary is the real party in interest, he is not the owner of the trust property.

There is a natural tendency to blend the power of the beneficiary with that of the trustee. The beneficiary is the person interested in the sale; he is the one who determines the price and the terms, and he is the one who most likely conducts the negotiations. But the nature of the land trust is such that, if the trust is to be preserved, the powers of the beneficiary and the trustee must be kept distinct. In negotiating for the sale of trust property, and in the contract of sale or articles of agreement, the beneficiary cannot, as this court said in Schneider v. Pioneer Trust & Savings Bank, 26 Ill App2d 463, 168 NE2d 808, deal with the property as if no trust existed.

However, in view of the Supreme Court pronouncements in the Burns, Brannen and Beilin cases it cannot be said that a beneficiary can never contract to sell the trust property. He may do so under appropriate circumstances, not because he has power to convey title or to execute a deed, or because he is the agent of the trustee or stands in its stead, but because the trust agree-

16

ment gives him "control of the selling" and the right to direct the trustee to convey title to whomever he designates. Since he has the power to designate conveyance he may contract to exercise that power. If the sales contract is one in which this power is explicitly exercised, or if it is one which, because of the disclosure of the trust and the beneficiary's status, can be construed as exercising this power, the contract is enforceable against both the beneficiary and the purchaser. To permit the beneficiary to contract in this manner does not encroach upon the jurisdiction of the trustee nor its functions; it does not infringe upon the protection afforded a purchaser who deals with the trustee, nor does it expand the beneficiary's liability or change his status. His legal interest in the trust remains personal property; but allowing him to climax negotiations for the sale of the real estate by agreeing to have it conveyed removes some of the make-believe which hovers over land trusts and permits a realistic approach to the disposition of trust property.

■ Mrs. Madigan did not properly exercise the power she possessed under the trust agreement. She did not contract to direct the trustee to convey the title and she did not contract, as the sole beneficiary, to sell the property. She contracted as the owner of the property to sell it to the Buehrs. This was beyond her power.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.