JOHN E. LAMPINEN, Plaintiff-Appellant, *v.* CARMIN D. HICKS *et al.*, Defendants-Appellees.

Second District   No. 78-247

Opinion filed July 3, 1979.

Michael K. Noonan, of Sullivan, Smith & Hauser, Ltd., of Waukegan, for appellant.

No appearance for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

John Lampinen, the plaintiff, as the seller, entered into a contract to sell his property for the sum of $29,000 to Carmin D. Hicks and Regina L.

Hicks, purchasers. The purchasers subsequently decided not to go through with the contract and so notified the seller. The seller thereupon sold the property to another party for the sum of $26,000 and then sued the purchasers, Hicks, under their contract for the difference, to-wit, $3,000 and costs.

The original complaint herein was filed by John E. Lampinen in which he alleged that he was the owner of the property in question. An amended complaint was subsequently filed in which he designated himself as "the beneficiary of a certain land trust, No. 240, dated May 17, 1974," in which he had named the Bank of Waukegan as trustee.

Both parties filed motions for summary judgment. The trial court entered an order granting defendant-purchasers' motion for summary judgment, holding that the facts of this case were identical to *Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 260 N.E.2d 431. The seller appeals, contending that *Madigan* is not applicable. The appellees have failed to file an appearance or other pleadings in this court. Nonetheless, we consider the merits of the case presented to us.

The issue presented in this appeal is whether a sole beneficiary of a land trust may contract as seller to cause title to be conveyed to purchaser without specifically advising them of the existence of the trust.

The principle relied upon by the trial court below is found where the court in *Madigan* stated:

"She did not contract to direct the trustee to convey the title and she did not contract, as the sole beneficiary, to sell the property. She contracted as the owner of the property to sell it to the Buehrs. This was beyond her power." 125 Ill. App. 2d 8, 17, 260 N.E.2d 431, 435.

The court in *Madigan* cited the case of *Schneider v. Pioneer Trust & Savings Bank* (1960), 26 Ill. App. 2d 463, 168 N.E.2d 808, as authority for the proposition that a beneficiary may not deal with a property as if no such trust existed. However, our reading of the holding in *Schneider* is substantially different. The Schneiders sought to recover $2,000 in forfeited earnest money from Harmon, the beneficiary of the land trust which held title to the land they had sought to buy. They had addressed their offer to the trustee, Pioneer Trust and Savings Bank, rather than to Harmon. Harmon never informed the trustee of the offer and attempted to accept it himself. The court held:

"The offeror has the right to choose the person with whom he deals. [Citations.] To constitute a contract by offer and acceptance, the acceptance must conform exactly to the offer. [Citations.]

In this case, appellant attempted to accept the offer addressed to Pioneer Trust and Savings Bank, as trustee. This he could not do." 26 Ill. App. 2d 463, 465-66, 168 N.E.2d 808, 809.

In the case before us the offeree was Lampinen, as seller, and the

purchasers were dealing with him as contract purchasers, or offerors to purchase. We do not find that *Schneider* applies to the facts before us and, if *Madigan* says that it does, we disagree.

It is interesting to note that the court in *Madigan* also held that it could not be said that the beneficiary could never contract to sell land trust property, specifically stating:

"He may do so under appropriate circumstances, not because he has power to convey title or to execute a deed, or because he is the agent of the trustee or stands in its stead, but because the trust agreement gives him 'control of the selling' and the right to direct the trustee to convey title to whomever he designates. Since he has the power to designate conveyance he may contract to exercise that power. *If the sales contract is one in which this power is explicitly exercised,* or if it is one which, because of the disclosure of the trust and the beneficiary's status, can be construed as exercising this power, the contract is enforceable against both the beneficiary and the purchaser." (Emphasis added.) 125 Ill. App. 2d 8, 16-17, 260 N.E.2d 431, 435.

The contract presently before us provides that the seller accepts the contract and agrees to convey title or *"cause title to be conveyed* according to the terms herein." (Emphasis added.) Furthermore, paragraph 5 of the contract provides:

"[C]losing or escrow payout shall be on or before February 5, 1977 provided title has been shown good or accepted by purchaser, by conveyance, by stamped, recordable warranty deed *(or other appropriate deed if title is in trust* or in an estate)* * *." (Emphasis added.)

As in *Madigan*, the land trust agreement provides that the beneficiary shall "* * * have the full management of said real estate and *control of the selling* * * * thereof * * *"" (Emphasis added.)

We find that in the case before us Lampinen, the seller, was explicitly exercising his powers under the trust agreement. We do not find, under the facts of this case, that Lampinen asserted that he was the owner or titleholder but, in fact, only agreed to cause to be conveyed the property and to provide an appropriate deed if the title was in trust.

■■ It is to be expressly noted that the *Madigan* court recognized, in quoting from *White v. Bates* (1908), 234 Ill. 276, 278, 84 N.E. 906, 907:

"It is not essential to the validity of a contract for the sale of real estate that the grantor should have the title at the time the contract is made. It is sufficient if, when the specified time arrives, he is able to tender, and does tender, a deed as required by his contract."

It is indeed difficult to reconcile the ultimate decision in *Madigan* with the

basic premise. As indicated, it is perfectly legal for a party to enter into an agreement, as seller, to sell property to which he does not presently have title. We fail to see any difference between a seller contracting to sell property to which he does not have title and a seller contracting to sell property to which he does not have title because the same is in a trust of which he is the beneficiary. We do not necessarily agree with the *Madigan* court that the land trust is of such importance that it must be preserved by the courts. It may well be that the time has come to void or avoid land trusts in Illinois. However, we do not concur with the ultimate finding in *Madigan* and we expressly refuse to follow the same.

■■ We hold, in the instant case, that the contract to purchase real estate herein, signed by purchasers, directed to Lampinen personally, accepted by Lampinen as seller, is a valid and binding contract between the seller and the purchaser. The fact that a land trust existed which actually held title to the land does not alter the fact that this is an enforceable contract. We therefore reverse and remand with directions to the trial court to enter a judgment for the plaintiff herein in the sum of $3,000, less the down payment of $200, if paid.

Reversed and remanded with directions.

LINDBERG and NASH, JJ., concur.