MARIE PAGE *et al.*, Plaintiffs-Appellants, *v.* ANTHONY P. FOSCO *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-421

Opinion filed November 24, 1980.

Richard Weinberger, of Chicago, for appellants.

Anthony F. Spina, of Elmwood Park, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Marie Page, Leon Page and Norma Steljes, bring this appeal from an order entered in the circuit court of Cook County granting defendants' motion for summary judgment. We reverse this order and remand for further proceedings.

On February 19, 1980, an order was entered by this court pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1979, ch. 110A, par. 23) reversing the order of the circuit court granting the motion for summary judgment. A petition for rehearing was granted and as a result thereof the Rule 23 order is withdrawn and this opinion is substituted.

Plaintiff purchasers entered into a contract to purchase certain improved property, which was located at 6431-33 West Wabansia in Chicago and which was allegedly owned by defendants, Anthony P. Fosco and James Fosco (hereinafter sellers), for the sum of $194,000. Thereafter, purchasers paid $19,000 earnest money to the real estate broker handling this transaction, and obtained from a lending institution a commitment for a mortgage loan within the time allowed in the aforesaid sales contract. When the sellers failed to appear on the appointed closing date, purchasers filed a complaint in two counts. This complaint requested that the trial court order specific performance or in the alternative grant purchasers money damages for such breach of contract. Sellers made a motion for summary judgment, in lieu of an answer, which was allowed. The trial court then dismissed the complaint specifically finding that the contract entered into between the parties was not valid, and therefore, was not capable of transferring title to the real estate in question. Purchasers appeal only from that portion of the judgment which dismissed their claim for damages, contending that a failure on the part of the sellers to convey the realty, contracted for, constituted a breach of contract for which the sellers are liable in money damages.

The complaint in question was filed on June 15, 1978, and it alleged that title to the real estate, in question, was held by Exchange National

Bank of Chicago as trustee, under a trust agreement dated May 6, 1963, and identified as Trust No. 15810; that a condition of the aforementioned sales contract required sellers to deliver a trustee's deed conveying all of the pertinent real estate to purchasers at the closing; that this particular real estate had a fair market value of not less than $225,000 on the closing date; that this property had a special value to the purchasers of $15,000 in addition to the fair market value by reason of the fact that all three of the purchasers would be able to live in one building having no third floor; and that, as a result of the sellers' failure to perform their obligations to sell the real estate, the purchasers were damaged in the amount of $47,325. The sellers are two of four beneficiaries of the land trust holding the property in question. All four beneficiaries have equal power to convey but none have the individual sole power to convey.

In their motion for summary judgment, the sellers admitted that the Exchange National Bank of Chicago, acting as trustee under trust No. 15810, was, at all times pertinent, the owner of legal title for the real estate, in question, having become such legal owner by a deed on May 6, 1963; that Minnie Fosco and Arlene Fosco were beneficiaries of this trust, along with the sellers; that the sellers were not the legal title owners of the real estate at the time the real estate sales contract was entered into; that the trustee did not appoint, at any time, either of the sellers as its agent to execute such a real estate sales contract; that the trustee did not sign the aforementioned sales contract; that Minnie and Arlene Fosco also did not sign that contract; that the purchasers were aware at all times that the real estate in question was held in trust since this condition was fully described in the public listing placed with the listing service by the real estate broker; and that, in light of these circumstances, the aforesaid real estate sales contract was unenforceable as a matter of law because of the Statute of Frauds (Ill. Rev. Stat. 1977, ch. 59 *et seq.*).

■■ Defendant-appellees have not cited any authority or pursued the Statute of Frauds contention and the same has not been preserved for review. It is evident that the issue presented in this appeal is whether plaintiff-purchaser's complaint sets forth a cause of action for damages against defendant-sellers as individuals, and not as beneficiaries of a land trust for failure to perform as agreed in the offer to purchase. The beneficiary of a conventional land trust, as used in Illinois, may under appropriate circumstances enter into a valid contract to convey title to the trust property. He may do so not as agent of the trustee but in his capacity as beneficiary. This right is limited to situations in which the trust agreement vests in him the right to direct title to be conveyed without the trustee's consent. Such a contract will be mutually enforceable by the beneficiary as seller and the buyer where it expressly, or by reasonable construction, provides for exercise by the beneficiary of the power to

direct conveyance. *Seaberg v. American National Bank & Trust Co.* (1976), 35 Ill. App. 3d 1065, 1069-70, 342 N.E.2d 751; *Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 16-17, 260 N.E.2d 431; *cf. Lampinen v. Hicks* (1979), 73 Ill. App. 3d 376, 377-79, 391 N.E.2d 1105.

The contract in question provides that the sellers accepted the offer of the purchasers and agreed "to perform and convey or *cause to be conveyed good title according to the terms of this contract."* (Emphasis supplied.) Furthermore, paragraph 3 provides:

> "Closing shall be on June 15, 1978 or on such other date mutually agreed to by the parties hereto, provided the title has been shown good or accepted by purchaser, the conveyance to be by stamped and recordable *trustees deed* to purchaser or his nominee, * * *"
> (Emphasis added.)

■■ We are of the opinion that the real estate sales contract in the present matter was enforceable against the two defendants as to money damages. We arrive at this conclusion despite the fact that this sales contract provided that the sellers were to provide the purchasers with a trustee's deed, thereby putting the purchasers on notice that the real estate in question was held in a land trust. The sellers' motion for summary judgment also alleged that the multiple listing for the property described the real estate as being held in trust. However, in the instant case, the sellers contracted specifically as individuals without any conditions whatsoever to "cause to be conveyed good title according to the terms of this contract." In view of these facts, we hold that the aforesaid contract to purchase real estate signed by the purchasers as individuals and accepted by Anthony Fosco and James Fosco is a valid and binding contract between the sellers as individuals and purchasers. Said sellers did not sign said agreement in any representative capacity, and no such allegation was made in defendant's motion for summary judgment. No answer to the complaint was filed by defendants and said motion for summary judgment did not operate to defeat or deprive plaintiff buyers of their claim for damages against defendants as individuals for breach of contract. *Gibb v. Merrill* (1924), 234 Ill. App. 267; see also *Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d 286; 77 Am. Jur. 2d 644 *Vendors & Purchasers* §517.

For the above and foregoing reasons, the judgment of the circuit court of Cook County dismissing that portion of the plaintiffs' complaint seeking money damages is hereby reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McGLOON and O'CONNOR, JJ., concur.