NOTICE
Decision filed 09/13/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 180332

NO. 5-18-0332

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| PHILLIP D. ALWARD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 16-CH-25 |
| | ) | |
| JACOB HOLDING OF ONTARIO L.L.C., | ) | |
| GRANT P. ALWARD, and CARRIE M. | ) | |
| ALWARD, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Jacob Holding of Ontario L.L.C., Defendant- | ) | J. Marc Kelly, |
| Appellee). | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Phillip D. Alward, brought an action to quiet title to property located in Christian County, Illinois. Plaintiff had previously executed a quitclaim deed purporting to convey title to his son, Grant Alward, and daughter-in-law, Carrie Alward (the Alwards).[1] The agreement stated that the Alwards were responsible for the principal balance on the loan. Although the original loan was secured by a recorded mortgage through Chase Bank, the Alwards subsequently entered into

_____

[1]The Alwards did not file an answer or other responsive pleading to the quiet title complaint. On that basis, the circuit court entered a default order in favor of plaintiff on October 6, 2017, and against the Alwards. The Alwards did not file an appeal, and they are not parties to this appeal.

1

a loan agreement secured by a recorded mortgage with the appellee, Jacob Holding of Ontario L.L.C. (Jacob Holding).

¶ 2 Plaintiff later averred that he had mistakenly forgotten that the property was held in an Illinois land trust. Thus, plaintiff did not have legal authority to convey title to the Alwards when he executed the quitclaim deed in his individual capacity. Consequently, plaintiff asserted that the quitclaim deed was invalid and the title transfer was ineffective because Chicago Title and Land Trust Company (Chicago Title), as successor trustee, had sole authority to convey title. Plaintiff, claiming superior title, dissolved the land trust and asserted that the quitclaim deed and the subsequent mortgage constituted a cloud on title. Plaintiff and Jacob Holding filed cross-motions for summary judgment. The circuit court granted Jacob Holding's motion for summary judgment and denied plaintiff's motion for summary judgment. This appeal followed.

¶ 3                                    I. Background

¶ 4 Plaintiff was the sole surviving beneficiary of an Illinois land trust, recorded in 1996, for property located in Christian County, Illinois. The following language gave plaintiff, as beneficiary, the power to direct the trustee to convey title:

> "(b) The interest of any person or beneficiary hereunder shall consist solely of the power of direction over the title to said property and the right to receive the proceeds from rentals, mortgages, sales or other dispositions of said property or rights therein.
>
>                                    * * *
>
> (g) The beneficiary or beneficiaries hereunder shall have the full management and control of said property and of the selling, renting, and handling thereof, including collection of rent and proceeds of sale, and the payment of taxes, assessments, insurance and other expenses in connection therewith."

2

¶ 5     On March 5, 2012, plaintiff executed a quitclaim deed purporting to convey title to the Alwards in exchange for paying the principal balance of the loan to Chase Bank. The quitclaim deed included the following language:

> "Grantor does hereby grant, bargain and sell all of the Grantor's rights, title, and Interest in and to the above described property and premises to the Grantee(s); and to the Grantee(s) heirs and assigns forever, so that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof."

The quitclaim deed provided the parcel number, address, and legal description of the property, but it did not designate plaintiff as a beneficiary or specify that the property was held in a land trust. Although plaintiff intended to transfer ownership to the Alwards, which he believed took place when he executed the quitclaim deed, he acknowledged that he overlooked that the property was held in a land trust.

¶ 6     On April 12, 2012, the Alwards recorded the quitclaim deed, even though the last recorded deed indicated that the property had been in a land trust since 1996.

¶ 7     From May 26, 2015, to June 1, 2015, plaintiff's legal counsel corresponded via e-mail with Macon County Title, the real estate closing agent; Chase Bank, the mortgagor; and Chicago Title, the successor trustee of the land trust. Plaintiff's legal counsel summarized the following issues via e-mail:

> "[Plaintiff] intended to convey a residence to his son Grant in April 2012 with the understanding that Grant would take over the mortgage loan. However, [plaintiff] forgot that title was in a land trust ([Chicago Title] is now Trustee). Grant has recently signed a

3

contract to sell the residence to an unrelated third party with a closing scheduled for June 10, 2015. [Chase Bank's] loan will be repaid in full from closing proceeds."

The sale of the property from the Alwards to the third-party purchaser did not materialize. The record supports that the Alwards were unaware of the existence of the land trust in 2012. However, the record is unclear whether the Alwards had knowledge of the land trust in June 2015.

¶ 8 In September 2015, the Alwards entered into a loan agreement, secured by a mortgage held by Jacob Holding, without plaintiff's knowledge. While the record is unclear whether the Alwards had knowledge of the land trust at that time, it is undisputed that, prior to entering into the agreement, the Alwards did not secure a trustee's deed or inform Jacob Holding of the land trust. Shortly thereafter, Jacob Holding recorded the mortgage with the Christian County Recorder of Deeds.

¶ 9 On May 27, 2016, plaintiff directed the trustee of the land trust to dissolve the trust by executing a deed to plaintiff. The deed was recorded on June 2, 2016. On June 9, 2016, plaintiff filed a quiet title complaint alleging that he held superior, fee simple title to the property. Plaintiff asserted that the 2012 quitclaim deed was ineffective to convey any interest to the Alwards because the property was held in a land trust at the time the deed was executed. Plaintiff further asserted that the recorded mortgage by Jacob Holding was "ineffective to pledge the Property as security for any loan because *** [the Alwards] had no ownership interest in the Property." Plaintiff requested the circuit court to declare the quitclaim deed and mortgage invalid and remove the cloud on title from public record.

¶ 10 On February 22, 2017, plaintiff filed a motion for summary judgment alleging that no genuine issue of material fact existed with respect to the complaint to quiet title. Jacob Holding subsequently filed a response to plaintiff's motion for summary judgment and a cross-motion for

4

summary judgment. Jacob Holding asserted that Illinois case law permitted a beneficiary to convey property rights even if the property was held in a land trust; thus, the quitclaim deed assigned plaintiff's beneficiary interests to the Alwards. Alternatively, Jacob Holding asserted that it was protected from adverse claims as a "*bona fide* purchaser for value" because it had no notice of defect in the title.

¶ 11    On May 17, 2018, the circuit court entered an order denying plaintiff's motion for summary judgment and granting Jacob Holding's motion for summary judgment. The court reasoned that it would be unjust to allow plaintiff "to subsequently take back this transfer on which subsequent parties have relied" because plaintiff had the ability to direct the transfer of the land trust and "fully intended to do so." The court did not clarify whether plaintiff had conveyed legal title or his beneficial interest in the property when he executed the quitclaim deed. Plaintiff filed a timely appeal.

¶ 12                                    II. Analysis

¶ 13    On appeal, plaintiff contends that the circuit court erred in resolving the cross-motions for summary judgment in favor of Jacob Holding because plaintiff was not the title holder and lacked authority to convey title to property held in a land trust. Plaintiff asserts that the court should have invalidated the quitclaim deed and had the trustee retain title.

¶ 14    In response, Jacob Holding contends that the court did not err because the land trust expressly authorized plaintiff to direct the trustee to convey title to the property. In an alternative argument, Jacob Holding asserts that, even if title was not conveyed, plaintiff, as beneficiary of the land trust, assigned his interest by executing the quitclaim deed to the Alwards, who, effectively, became beneficiaries of the land trust. We agree with plaintiff.

5

¶ 15    A quiet title action is an equitable proceeding in which a party seeks to remove a cloud on title to a property. *Gambino v. Boulevard Mortgage Corp.*, 398 Ill. App. 3d 21, 52 (2009). "A cloud on title is the semblance of title, either legal or equitable, appearing in some legal form but which is, in fact, unfounded or which it would be inequitable to enforce." *Id.* A plaintiff in a quiet title action cannot claim a cloud on his title unless he actually holds title to the property. *Id.*; see also *Marlow v. Malone*, 315 Ill. App. 3d 807, 812 (2000). A plaintiff must prevail on the strength of his own title, rather than merely on defects in a defendant's title. *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 726 (2002).

¶ 16    Summary judgment is appropriate when all pleadings, depositions, admissions, and affidavits demonstrate there is no genuine issue of material fact and, therefore, the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). Where parties file cross-motions for summary judgment, they concede the absence of a genuine issue of material fact, agree that only questions of law are involved, and invite the court to decide the issues based on the record. *Stevens v. McGuireWoods LLP*, 2015 IL 118652, ¶ 11. When the circuit court grants one party's motion and denies the other party's motion on the same issues, the resulting order is final and appealable. *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 18. An appellate court reviews a summary judgment order *de novo* and construes the record in the light most favorable to the nonmoving party. *Harris v. Adame*, 2015 IL App (1st) 123306, ¶ 21. Under the *de novo* standard of review, the reviewing court performs the same analysis as the circuit court, giving no deference to the circuit court's decision or rationale. *Bituminous Casualty Corp. v. Iles*, 2013 IL App (5th) 120485, ¶ 19.

¶ 17    Here, the property at issue involved an Illinois land trust. In a conventional trust, the trustee holds legal title, and the beneficial owner holds equitable title. *Parkway Bank & Trust Co. v.*

*Gleich*, 213 Ill. App. 3d 444, 448 (1991). Illinois land trusts, on the other hand, are a device by which real property is conveyed to a trustee under an arrangement that reserves the full management and control of the property to the beneficiary. *IMM Acceptance Corp. v. First National Bank & Trust Co. of Evanston*, 148 Ill. App. 3d 949, 954 (1986) (citing *Robinson v. Chicago National Bank*, 32 Ill. App. 2d 55, 58 (1961)). Section 1 of the Land Trust Beneficial Interest Disclosure Act defines a land trust as follows:

> "[A]ny express agreement or arrangement whereof a use, confidence or trust is declared of any land, or of any charge upon land, for the use or benefit of any beneficiary, under which the title to real property, both legal and equitable, is held by a trustee, subject only to the execution of the trust, which may be enforced by the beneficiaries who have the exclusive right to manage and control the real estate, to have the possession thereof, to receive the net proceeds from the rental, sale, hypothecation or other disposition thereof, and under which the interest of the beneficiary is personal property only." 765 ILCS 405/1 (West 2018).

¶ 18 Typically, most of the usual attributes of real property ownership are retained by the beneficiary under an Illinois land trust agreement. *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 488 (1979). Specifically, legal and equitable title lie with the trustee, and the beneficiary retains what is referred to as personal property interest. *Id.* Moreover, only the trustee may deal with or convey title. *In re Estate of Crooks*, 266 Ill. App. 3d 715, 723 (1994). The policy of our courts is to demand that persons dealing with trust property strictly observe the trust features. *Kortenhof v. Messick*, 18 Ill. App. 3d 1, 7 (1974).

¶ 19 On appeal, plaintiff argues that the quitclaim deed and Jacob Holding's mortgage are "invalid" and "outside the chain of title." In support, plaintiff argues that, contrary to the circuit

7

court's order, it is well settled under Illinois law that "a land trust beneficiary cannot convey legal title." Plaintiff acknowledges that a beneficiary may contract to direct the trustee to convey title to the land trust property in appropriate circumstances; however, he argues that no Illinois case has held that a beneficiary, in place of a trustee, can convey legal title of a property held in a land trust. We agree.

¶ 20     Plaintiff's primary argument relies on the reasoning in *In re Estate of Crooks*, 266 Ill. App. 3d at 721, where our colleagues in the First District directly addressed the question of whether a beneficiary of a land trust could convey title to real property by executing a quitclaim deed. In *Crooks*, a beneficiary executed quitclaim deeds to convey five parcels of real property held in a land trust. *Id.* The court affirmed the circuit court's determination that a beneficiary "could not convey what he did not own," and the parcels at issue were nontransferable by the quitclaim deeds. *Id.* The court explained the nature of Illinois land trusts as follows:

> " 'The land trust form of land ownership yields certain benefits to the beneficiaries, whether it be effective management, secret ownership, insulation from personal liability or some other advantage. These benefits result from the willingness, on the part of the courts of Illinois, to observe the form of the trust transaction. *** Consistency requires, then, the observance by the beneficiary of the form of the trustee's ownership. Retaining the nature of his interest in order to be entitled to the advantages of a land trust, he may not then deal with the property as if no such trust existed.' " *Id.* at 722 (quoting *Schneider v. Pioneer Trust & Savings Bank*, 26 Ill. App. 2d 463, 466 (1960)).

Moreover, pursuant to well-established policy, "a beneficiary may not enter into a land trust agreement with a trustee and then deal with the property as if no trust existed; persons dealing with

8

the trust property must strictly observe the trust's features." *Id.* (citing *Kortenhof*, 18 Ill. App. 3d at 7).

¶ 21    In response, Jacob Holding contends that, regardless of plaintiff's lapse of judgment, "the conveyance is nevertheless valid because it only needs a direction to convey to be finalized." For support, Jacob Holding cites several cases to demonstrate "exceptions to the general rule," asserting that "this court is free to reject *Crooks* and come in line with the better reasoned approach." See *Madigan v. Buehr*, 125 Ill. App. 2d 8 (1970); *Rizakos v. Kekos*, 56 Ill. App. 3d 404 (1977); *Paine/Wetzel Associates, Inc. v. Gitles*, 174 Ill. App. 3d 389 (1988); *In v. Cheng*, 232 Ill. App. 3d 165 (1991).

¶ 22    First, in *Madigan*, in affirming the denial of damages for an alleged breach of a sales contract involving property in a land trust, the court determined that "it cannot be said that a beneficiary can never contract to sell the trust property." 125 Ill. App. 2d at 16. Instead, a beneficiary could do so under appropriate circumstances because the "trust agreement gives him 'control of the selling' and the right to direct the trustee to convey title to whomever he designates." *Id.* at 16-17. "Since he has the power to designate conveyance he may contract to exercise that power." *Id.* at 17. Regardless, the beneficiary's "legal interest in the trust remains personal property." *Id.*

¶ 23    In *Rizakos*, a purchaser sought to enforce a real estate contract executed by two beneficiaries of a land trust who *deliberately* failed to disclose that they were beneficiaries and that the subject property was held in a land trust. 56 Ill. App. 3d at 405-07. The court held that the purchaser was entitled to specific performance; thus the beneficiaries entered into a valid and enforceable contract to convey the trust property. *Id.* at 408. Based on an examination of the trust declaration and agreement, the court determined that the beneficiaries had the right to direct the

9

trustee to convey title to the trust property. *Id.* at 406-07. Additionally, the terms of the contract provided that the balance of the purchase price would be paid on delivery of a stamped warranty or trustee's deed and expressly delineated the cobeneficiary's unequivocal acceptance of the plaintiff's offer. *Id.* After concluding that the plaintiff did not have an affirmative obligation to search title prior to signing, the court concluded that the beneficiaries entered into a valid and enforceable contract to convey trust property. *Id.* at 408. The court noted that "[t]o deny specific enforcement of this contract, would *** allow the defendants to have a unilateral option whereby they could choose to enforce or escape their obligation under this contract at their whim." *Id.* at 407.

¶ 24    In *Paine/Wetzel Associates*, 174 Ill. App. 3d at 391, the plaintiff, a real estate brokerage, brought an action, seeking declaratory judgment, against trustees and beneficiaries of land trusts. In reversing the circuit court's dismissal of declaratory judgment, the First District stated that a "well-settled exception to a beneficiary's inability to affect title to [land trust] property" is where a "beneficiary of an Illinois land trust, when acting in his capacity as beneficiary, may enter into a valid contract affecting title to trust property if the trust agreement vests in him the sole right to direct the trustee to convey title." *Id.* at 394 (citing *Madigan*, 125 Ill. App. 2d at 16-17). Applying the exception, the court determined the plaintiff's complaint was legally and factually sufficient. *Id.*

¶ 25    Lastly, in *In*, 232 Ill. App. 3d at 166, a purchaser brought an action to quiet title to a parcel of commercial property against a competing holder who acquired a subsequent interest in the property. Although the land trust agreement vested power to convey title in the trustee, the court held the trust agreement does not preclude the purchaser from enforcing the real estate contract executed by the beneficiary of the trust. *Id.* at 171-72. The court noted that prior courts had

"carv[ed] out exceptions to [the] general rule" to expand the authority of beneficiaries to contract to sell real estate owned in a land trust. *Id.* at 170-71 (citing *Rizakos*, 56 Ill. App. 3d at 406); see also *Farley v. Roosevelt Memorial Hospital*, 67 Ill. App. 3d 700, 706 (1978) ("Illinois appears to be expanding the authority of beneficiaries to contract to sell real estate owned in a land trust, particularly where enforcement of the contract is sought by a purchaser who was not informed by the seller that his status was that of beneficiary under a land trust."). The court reasoned that the land trust agreement did not preclude enforcement because evidence demonstrated that the cobeneficiary consented to the sale, the plaintiff had no opportunity to check the land trust agreement, given that he was not informed the property was held in trust, and there existed no evidence that the trustee would have opposed the sale. *In*, 232 Ill. App. 3d at 171-72.

¶ 26    Dissimilar to the cases cited above, here, the Alwards did not take action to enforce the real estate sales agreement entered into by plaintiff, an apparent absentminded beneficiary, after learning that plaintiff did not hold title at the time of the purported conveyance. Because the case before us involves an action to prevent a subsequent mortgagor, Jacob Holding, from encumbering property, it does not involve contractual rights of a purchaser. As a result, the question before this court is not whether plaintiff was obligated to direct the trustee to convey title but whether title was conveyed prior to the subsequent mortgage held by Jacob Holding.

¶ 27    Under the circumstances of this case, we cannot find authority to "reject *Crooks*," as Jacob Holding asserts, to create a new exception to the general rule stated in *Madigan*. We also disagree that the cases cited by the defendant create exceptions to the fundamental tenet under Illinois land trust law that "a beneficiary cannot transfer legal title to property held in trust because the beneficiary does not hold that interest; only the trustee holds that interest." See *Campbell v. Campbell*, 2017 IL App (3d) 160619, ¶ 20 (citing Restatement (Third) of Trusts, pt. 4, ch. 11, intro.

11

note (2003), Restatement (Third) of Trusts § 51 cmt. b (2003), and *Kortenhof*, 18 Ill. App. 3d at 7-8). Instead, the commonality in these cases, which is well settled and consistent with Illinois land trust law, is the determination that a beneficiary may in "appropriate circumstances" enter into a contractual relationship to *direct* the trustee to execute a trustee's deed to convey title. *Madigan*, 125 Ill. App. 2d at 16-17. In fact, that right is limited to situations where the land trust agreements vest the beneficiary with the sole right to *direct* the trustee to convey title. *Madigan*, 125 Ill. App. 2d at 16; *Rizakos*, 56 Ill. App. 3d at 405 (citing *Seaberg v. American National Bank & Trust Co. of Chicago*, 35 Ill. App. 3d 1065, 1069-70 (1976)). Importantly, we note that Illinois case law does not suggest that a beneficiary can convey title in place of the trustee, and we decline to allow it here.

¶ 28     Next, Jacob Holding argues, in the alternative, that plaintiff in effect relinquished his beneficial interest in the land trust by the quitclaim deed. As a consequence, the Alwards hold the beneficial rights under the trust. We disagree.

¶ 29     We cannot say that plaintiff was acting as the beneficiary in executing the quitclaim deed, because it is undisputed that he forgot that the property was held in a land trust. Consequently, the deed does not mention the land trust or identify plaintiff as beneficiary. Rather, a plain reading of the quitclaim deed demonstrates that plaintiff, acting in his individual capacity, intended to convey title to the property.

¶ 30     It is well settled that a quitclaim deed will not constitute an express or equitable assignment of the beneficial interest in a land trust if the deed merely describes the property and does not refer to the trust. *In re Estate of Crooks*, 266 Ill. App. 3d at 734-35. Here, there is nothing in the record to demonstrate that plaintiff was acting in his capacity as beneficiary to convey his beneficial interest in the land trust. As described above, the quitclaim deed merely provided the legal

description of the property. It was neither signed by plaintiff, as beneficiary, nor does it otherwise mention the land trust. Likewise, the quitclaim deed's statement of consideration suggests that the Alwards contracted to purchase title to the property rather than plaintiff's beneficial interest. Thus, it appears on the face of the quitclaim deed that plaintiff was acting in his individual capacity, not as beneficiary.

¶ 31    In our view, the Alwards and Jacob Holding each had constructive knowledge that the property was held in a land trust, given that a search of the public record would have revealed the trustee's deed had been filed in 1996. Jacob Holding could have required the Alwards to obtain title through a direction to convey a trustee's deed, if possible, prior to issuing a mortgage loan. Accordingly, we cannot conclude that the quitclaim deed transferred any interest—legal, equitable, or beneficial—in the land trust to the Alwards. Simply put, plaintiff, acting in his individual capacity and not as beneficiary, had no interest to convey.

¶ 32    Furthermore, even though the quitclaim deed sets out purported consideration of the land purchase agreement, the written real estate contract is not in the record on appeal. Other than the issuance of the quitclaim deed, there is nothing in the record to show that the Alwards actually paid the balance of the mortgage loan to Chase Bank. Regardless, as Jacob Holding pointed out, the real estate sales contract "needs a direction to convey to be finalized." Likewise, the Alwards abandoned any claim of superior title and undertook no action to force plaintiff to fulfill the terms of the real estate sales agreement by directing the trustee to convey title. By not filing an answer or response to the quiet title complaint, the Alwards effectively voided the real estate sales agreement before a proper transfer of title was finalized. See *Nikolopulos v. Balourdos*, 245 Ill. App. 3d 71, 78 (1993) (" '[I]f a beneficiary of a land trust deals with the property as if no trust

existed and contracts as an owner to sell the property, the contract is void as being beyond the beneficiary's power to act.' " (quoting *Jacobs v. Carroll*, 46 Ill. App. 3d 74, 79 (1977))).

¶ 33 Based on the foregoing, we find that the quitclaim deed and the mortgage created a cloud on title. The circuit court erred in deciding the cross-motions for summary judgment in favor of Jacob Holding where plaintiff, acting as a seller, mistakenly believed he held title rather than a beneficiary interest. Thus, plaintiff did not transfer title to the land trust property as a matter of law by executing the 2012 quitclaim deed to the Alwards.

¶ 34 Accordingly, we reverse the circuit court's order denying plaintiff's motion for summary judgment because there is no genuine issue of material fact where the quitclaim deed was ineffective in transferring either title to the property, or alternatively, plaintiff's beneficial interest in the land trust. We thereby reverse the court's order entering summary judgment in favor of Jacob Holding.

¶ 35                                         III. Conclusion

¶ 36 For the foregoing reasons, we reverse the circuit court's order, which denied plaintiff's motion for summary judgment on his complaint to quiet title and entered summary judgment in Jacob Holding's favor. We remand to the circuit court for the entry of an order granting plaintiff's motion for summary judgment.

¶ 37 Reversed and remanded with directions.

14

2019 IL App (5th) 180332

NO. 5-18-0332

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| PHILLIP D. ALWARD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 16-CH-25 |
| | ) | |
| JACOB HOLDING OF ONTARIO L.L.C., | ) | |
| GRANT P. ALWARD, and CARRIE M. | ) | |
| ALWARD, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Jacob Holding of Ontario L.L.C., Defendant- | ) | J. Marc Kelly, |
| Appellee). | ) | Judge, presiding. |

_____

**Opinion Filed:**      September 13, 2019

_____

**Justices:**      Honorable John B. Barberis, J.

Honorable Melissa A. Chapman, J., and
Honorable Judy L. Cates, J.
Concur

_____

**Attorneys for Appellant**      Scott E. Garwood, Craig W. Runyon, Samuels, Miller, Schroeder, Jackson & Sly, LLP, 225 North Water Street, Suite 301, P.O. Box 1400, Decatur, IL 62525

_____

**Attorneys for Appellee**      Brad A. Elward, Michael T. Kokal, Craig L. Unrath, Heyl, Royster, Voelker & Allen, P.C., 300 Hamilton Blvd., P.O. Box 6199, Peoria, IL 61601-6199

_____