MARY MARVIN, Appellant, *vs.* HARRY W. DONALDSON *et al.* Appellees.

*Opinion filed February 24, 1928.*

1. DEEDS—*who is a grantee.* A grantee in a deed is one to whom some valuable right or interest in land is conveyed by the instrument in question.

2. SAME—*intention of grantor must be ascertained in determining grantee and estate given.* In construing a deed to determine the estate granted and the person or persons to whom granted the court will seek the grantor's intention from the various parts of the deed, including the granting clause and the *habendum,* giving due effect to all where it can reasonably be done.

3. SAME—*when grantor's heir is estopped to destroy interest of contingent remaindermen.* A grantor retaining the reversion, after conveying by warranty deed a life estate with contingent remainders, is estopped from destroying the interests of the contingent remaindermen because of his covenant of warranty; and hence the grantee of the life estate, claiming a part of the reversion as an heir of the grantor, is likewise estopped from destroying the contingent remainders, as the covenants of warranty are binding on the grantor's heirs.

4. SAME—*covenants of warranty extend to whatever estate is granted.* Covenants of warranty under the statutory form of warranty deed not only bar the grantor from ever claiming the estate granted, but require him to defend it when assailed by a paramount title and extend to whatever right or interest is granted in the deed.

APPEAL from the Circuit Court of Ogle county; the Hon. WILLIAM J. EMERSON, Judge, presiding.

THOMAS W. HOOPES, and C. F. MAMMENGA, for appellant.

J. C. SEYSTER, guardian *ad litem,* for appellee Helen Donaldson.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Ogle county dismissing for want of equity a bill for partition filed by appellant. The bill alleged that Francis W. Stonebraker was the owner in fee of the estate involved in this suit and on April 21, 1899, made and delivered to appellant, then Mary Donaldson, a warranty deed conveying to her a life estate in the land with a contingent remainder therein, to vest at her death in her lineal descendants; that after the deed was made the grantor died November 19, 1906, leaving a will which did not pass the reversion, which remained in the grantor; that the grantor left as his heirs his four children, among whom was appellant, and that at his death she inherited an undivided one-fourth of the reversion; that her life estate in one-fourth of the premises merged with the reversion, and that the contingent remainder created by the deed was destroyed as to one-fourth of the land and that appellant became the owner in fee simple of such undivided one-fourth; that on September 2, 1926, all of the other heirs of Stonebraker executed a quit-claim deed to appellant conveying the reversion to an undivided

three-fourths of the premises; that on December 30, 1926, appellant conveyed to James Chasm an undivided one-sixteenth interest in fee. The bill alleged that she was the owner of an undivided three-sixteenths in fee and Chasm was the owner of an undivided one-sixteenth in fee; that she had a life estate and reversion in the other undivided three-fourths of the premises, and that the defendants Harry W., John F. and Helen Donaldson, who are the only descendants of appellant *in esse,* had a contingent remainder in the three-fourths thereof. A guardian *ad litem* was appointed for Helen Donaldson, who was a minor. The guardian *ad litem* filed a demurrer to the bill on the ground that complainant had only a life estate in the premises. The demurrer was sustained by the court and the bill dismissed for want of equity.

It is contended by appellant that the deed from Stonebraker left a reversion in him and that this reversion did not pass under the residuary clause of his will. It is contended by appellees that the reversion did pass by the will of Stonebraker, which is set out in the bill, but that, even if it should be conceded that it did not so pass but descended as intestate estate to his heirs, appellant is estopped from claiming a merger of the life estate and the reversion and so defeating the contingent remainders created by the deed. A grantee in a deed is one to whom some valuable right or interest in land is conveyed by the deed. In construing a deed to determine the estate granted and the persons to whom granted, the court will seek the grantor's intention from the various parts of the deed, including the granting clause and the *habendum,* giving due effect to all where it can be reasonably done. (*Stukis* v. *Stukis,* 316 Ill. 115; *Anderson* v. *Stewart,* 285 id. 605.) While at the time of the transaction here in question the rule in this State was that when an estate in remainder or reversion met in the same person, notwithstanding contingent remainders, the particular estate merged in the re-

version or remainder and contingent remainders were destroyed, yet this rule had exceptions, one of which was that where a grantor by a warranty deed conveyed a life estate to one person with contingent remainders in fee to others, the grantor retaining the reversion, such grantor, and those claiming under him, were estopped from destroying the interests of the contingent remaindermen. (*Biwer* v. *Martin,* 294 Ill. 488.) The deed in this case by which the life estate and the contingent remainders were created was a warranty deed with full statutory covenants of warranty, which include a covenant for the quiet enjoyment of the estate granted, which not only bars the grantor from ever claiming the estate granted but requires him to defend it when assailed by a paramount title. It is the general rule that covenants of warranty extend to the right or interest granted, whatever that might be. (*Corbin* v. *Healy,* 20 Pick. 514.) By making this deed Stonebraker covenanted that upon the happening of the contingency mentioned therein, the remaindermen, members of which class are the appellees, shall then have the quiet enjoyment of such remainder. By reason of his covenants of warranty Stonebraker would, if living, be estopped to carry out the destruction of the contingent remainders created by him, and his covenants of warranty are binding upon appellant, who stands in his place. (*Biwer* v. *Martin, supra.*) Appellant being estopped to do any act which would defeat the contingent remainders granted by the deed in question, the circuit court therefore did not err in sustaining appellees' demurrer to the bill for partition.

The decree of the circuit court must therefore be affirmed.

*Decree affirmed.*