(No. 25601.—⬛⬛⬛⬛⬛)
WILLIAM WEEGENS, Appellant, vs. M. L. KARELS, Exr. et al. Appellees.

*Opinion filed June 14, 1940—Rehearing denied October 9, 1940.*

MAMMENGA & KERR, HARRY TYPER, and THOMAS W. HOOPES, for appellant.

MIDDLEKAUFF & BECKMIRE, SEYSTER & FEARER, A. J. CLARITY, and MANUS & MANUS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks the reversal of a decree of the circuit court of Ogle county dismissing his complaint in which he prayed that the title to certain real estate be quieted in him.

The amended complaint alleged that on May 18, 1936, appellant received a warranty deed from Annie Reemts and William W. Reemts, her husband, to lots 1, 2 and 3 in block 4 in Hewitt's Second Addition to Forreston in Ogle county; that on that day he filed the same for record in the recorder's office. and took possession of the property; that he has since that time been in possession and has made valuable improvements thereon; that on July 2, 1935, he and his wife, Minnie, executed and delivered to William W. Reemts a quitclaim deed to the said real estate, he having no title or interest in the same at that time; that said William W. Reemts held said quitclaim deed until September 29, 1936, when he caused the same to be recorded in

the recorder's office of Ogle county; that from May 18, 1936, to April 21, 1938, William W. Reemts made no claim of ownership to the premises, but has sought to recover possession of the same by a forcible entry and detainer suit, and prayed that the court find that said deeds were respectively delivered on the dates alleged and decree that the executor of the will of William W. Reemts, the devisee under his will and the heirs-at-law of Reemts, have no right or title to the premises. The answer denied the allegations of the amended complaint, and alleged that William W. Reemts owned the premises at the time of his death; alleged that, prior to July 2, 1935, Annie Reemts, wife of William, was the owner of the premises; that she desired to place title in her husband; that she consulted counsel and was advised she should convey the same to William Weegens and that Weegens convey to her husband; that the quit-claim and warranty deeds were made for the purpose of placing title in her husband, William Reemts, and that plaintiff acquired no title by the warranty deed except for the sole purpose of immediately deeding same to William W. Reemts. It is conceded that on the day of her death title to the property was in Annie Reemts. A hearing was had before the court to sustain the complaint. Appellant's witnesses testified that the warranty deed was delivered by William W. Reemts to appellant on May 18, 1936, at a time when his wife, Annie Reemts, was in a coma. Mrs. Reemts died that day. About a week after the death of Mrs. Reemts, appellant and his wife moved into the property and William Reemts lived with them. One of appellant's witnesses testified he furnished material for the garage and Reemts paid for it. Several witnesses testified they heard Reemts say the property belonged to appellant and that he was going to live with him. On motion of appellees, the court struck out all the evidence offered to show the delivery of the deed by William Reemts to appellant, and dismissed the complaint. On their motion, defendants'

counter-claim was dismissed without prejudice. After this order was entered, and before final decree was entered, appellant moved for leave to amend the complaint by alleging that William W. Reemts made and delivered the deed to appellant, and for leave to reintroduce the deed, and that, on such amendment, the court consider the evidence stricken. Appellees' motion to strike the motion to amend was allowed and a decree dismissing the complaint was entered.

The errors urged are that the court erred in striking appellant's evidence, in refusing to grant the relief prayed for, in striking his motion for leave to amend his complaint and in refusing to admit and consider competent evidence offered by appellant.

According to appellant's evidence, the deed involved was dated July 2, 1935, and recited: "The grantor Annie Reemts, and William Reemts her husband * * * in consideration of $1.00 * * * convey and warrant to William Weegens [describing the property], hereby releasing and waiving all rights under and by virtue of the Homestead Exemption laws of this State." Delivery of possession of said deed to appellant was made by William Reemts on May 18, 1936, at which time his wife Annie was alive but in a coma and knew nothing of, nor, as far as the records show, did she consent to or direct that the deed be delivered to appellant. Appellant admits that the deed did not convey the title of Annie but contends, as it was a warranty deed signed by William W. Reemts and delivered by him, it warranted the title to the grantee, appellant, because that was his intention; that the deed could not operate for the sole purpose of releasing his dower interest, therefore, by reason of his warranty, the deed became effective to pass title to appellant, and that William W. Reemts was estopped by his warranty from asserting any claim to the title which he subsequently acquired as an heir or devisee of his wife Annie.

This contention requires a determination whether the deed in question was the deed of William W. Reemts, warranting to appellant, as grantee, that he owned the title he purported to convey, or was it merely a release of his inchoate right of dower and homestead in the property, the title to which was in his wife Annie. If the deed was the conveyance of William W. Reemts, warranting to appellant, as grantee, that he owned the title, Reemts and all persons claiming under him are estopped from claiming the after-acquired title, for it is the rule in this State that where one has no interest, or but a part thereof, in land he undertakes to convey, and afterwards acquires title, the interest he acquires passes to his grantee by way of estoppel, and if there be a warranty it not only estops the grantor but a subsequent purchaser from him. (*Marvin* v. *Donaldson,* 329 Ill. 30; *Thornton* v. *Louch,* 297 id. 204; *Biwer* v. *Martin,* 294 id. 488; *Smith* v. *Carroll,* 286 id. 137.) Whatever the form or nature of the instrument, if it affirms, either by express terms or necessary implication, that the grantor is seized or possessed of a particular estate which the deed purports to convey, the grantor and all persons in privity with him are estopped from afterwards denying it. (Bigelow on Estoppel, 347; Tiffany on Real Property, (2d ed.) 2118; Rawle on Covenants for Title, 322.) The reason, in such a case, is that the estate thus affirmed to be in the party at the time of the conveyance must necessarily have influenced the grantee in making the purchase, hence the grantor, and those in privity with him, in good faith and fair dealing should be forever thereafter precluded from gainsaying it. 2 Pomeroy's Eq. Jur. (4th ed.) sec. 813; 3 id. sec. 1291; Tiffany on Real Property (2d ed.) 2130; 11 Am. & Eng. Ency. of Law, (2d ed.) 411; *Bridge* v. *Kedon,* 163 Cal. 493, 126 Pac. 149.

The converse of the above rule is also true where the wife owns the fee title to property and her husband has but

an inchoate right of dower in his wife's property, he does not, by joining in a warranty deed to her land, become bound by the covenants of warranty contained in such deed. *Warner* v. *Flack,* 278 Ill. 303; *Center* v. *Elgin City Banking Co.* 185 id. 534; *Sanford* v. *Kane,* 133 id. 199; *Strawn* v. *Strawn,* 50 id. 33.

The pivotal question arising on such a case as appellant contends his evidence has shown, is: Will a warranty deed to the wife's property, signed by both the wife and her husband and delivered by the latter on the day of the wife's death, when she is unable to consent to such delivery, constitute an estoppel against the husband should he succeed to the wife's property by will, (as appellant contends, though no such will was offered in evidence,) to deny the validity of the deed and its warranty? In other words, is he, upon succeeding to the property, bound by the covenants of the deed by which he purported to convey only his inchoate right of dower?

As we understand plaintiff's brief, it is not therein contended that the deed to Annie Reemts' property, of itself, conveyed this property to appellant.

Cases such as *Biwer* v. *Martin, supra,* and others cited by the parties hereto, hold that where a grantor warrants title to property which he does not have, and afterward acquires such title, he is estopped to say that the title warranted in his conveyance is not as therein warranted.

Here Reemts did not, by his deed, warrant that he had title to the real estate involved but only that he had an inchoate right of dower therein. That was all his deed purported to convey. Therefore, to hold that he, if he later acquired title thereto, is estopped to deny his original warranty, does not aid appellant, as he did not have title when the deed was made and did not warrant that he did have. Even if estoppel be applied to his deed to an inchoate right of dower on the ground that he warranted such an interest in him, still it avails appellant nothing, for, at most, estoppel

could apply only to a ripened dower right brought about by his wife's death. As this would amount to but a life interest in one-third of the property, and Reemts died during the pendency of this suit, that life estate became extinguished and appellant could get nothing by estoppel. What appellant seeks is an estoppel against Reemts and those holding under him to deny that by his deed he had conveyed a title which he did not have when the deed was made. It is quite different from a case where one warrants a title he does not have and afterward acquires such title. As held in *Biwer* v. *Martin, supra,* this equitable doctrine of estoppel is based upon the wrong arising out of a warranty as to the existence of title in the warrantor, which, in fact, does not exist. Here no such warranty appears. If Reemts be said to have warranted anything, he warranted just what he did have, an inchoate right of dower and nothing more.

Appellant insists that William W. Reemts' intention to transfer title is clearly shown and the trial court should have given effect to that intention notwithstanding the method was irregular. This contention is without merit. Title to real estate is conveyed only by deed in writing, and intentions otherwise, whether spoken or unexpressed, do not convey real estate. None of appellant's evidence was admissible to show delivery of a deed that conveyed any title to him, and it was not error to strike the evidence and dismiss the complaint.

The amendment offered, and the evidence sought to be reintroduced under such amendment, do not show a right in him to relief. It was not error to strike the motion to amend.

The decree of the circuit court is affirmed.

*Decree affirmed.*