PAINE/WETZEL ASSOCIATES, INC., Plaintiff-Appellant, v. GERALD A. GITLES *et al.*, Defendants-Appellees.

First District (4th Division) No. 87—3517

Opinion filed August 25, 1988.

Rosenthal & Schanfield, of Chicago (David J. Gottesman and Elyse M. Skolnick, of counsel), for appellant.

Holleb & Coff, of Chicago (Michael A. Reiter and David A. Balmuth, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Paine/Wetzel Associates, Inc., is a real estate broker. Defendant La Salle National Bank, as trustee under trust No. 109325, owns certain real estate held in trust for the benefit of defendant G & K Partners. Defendant American National Bank & Trust Company of Chicago, as trustee under trust No. 62905, is a co-owner of the property, held in trust for the benefit of defendant CGV Partners. Defendants Gerald Gitles and Donald Kahan are the general partners for the beneficiary-limited partnerships.

Plaintiff brought an action in the circuit court of Cook County against defendants. Plaintiff alleged that the beneficiaries owed it a brokerage commission for services rendered. Plaintiff alleged further that its brokerage agency agreement with the beneficiaries created a lien on the property to secure payment of the commission. Plaintiff sought, *inter alia,* a declaration that it held a lien on the property. The trial court, *sua sponte,* dismissed that portion of the complaint seeking the declaration of the lien. Plaintiff appeals, contending that the dismissed count: (1) stated a cause of action generally for a declaratory judgment and (2) stated a cause of action specifically for a declaration that it holds a lien on the property.

We reverse and remand.

BACKGROUND

■ Defendants answered the complaint; the parties filed other pleadings. However, the trial court, *sua sponte,* dismissed one count of the complaint. The record shows that the trial court dismissed the count for being substantially insufficient at law. Therefore, we will consider this appeal as though it were a dismissal under section 2—615(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(a)). In determining whether to allow a motion to dismiss, a court must take all well-pled allegations of fact contained in the complaint, and in any attached exhibits incorporated into the complaint, as true and construe all reasonable inferences therefrom in the plaintiff's favor. *Business Development Services, Inc. v. Field Container Corp.* (1981), 96 Ill. App. 3d 834, 836, 422 N.E.2d 86, 89.

Plaintiff alleged that defendant Kahan retained it to procure a buyer or tenant for real estate located at 4800 South Central Avenue in Chicago, Illinois. The brokerage agreement, signed June 11, 1985,

provided that if Kahan independently sold or leased the property, then plaintiff would still be entitled to a commission. Further, in the event of Kahan's independent sale or lease of the property, the brokerage agreement granted plaintiff a lien on the property to secure payment of the commission.

Pursuant to the brokerage agreement, Kahan represented to plaintiff that he was authorized to enter into the agreement. The agreement further provided that if a land trust was involved, then all of the beneficiaries would be jointly and severally liable for plaintiff's commission. Plaintiff alleged that Kahan was, in fact, authorized to enter into the agreement on behalf of the beneficiaries of the land trusts. Plaintiff further alleged that the beneficiaries possessed the right to direct a conveyance from or by the land trusts.

In March or April of 1987, defendants independently sold or leased the property. Plaintiff alleged that as a result, it was entitled to a commission of at least $300,000.

Plaintiff filed its two-count complaint on May 4, 1987. Alleging the foregoing facts, count I sought a declaration that plaintiff holds a lien on the property to secure payment of the commission. Count II sought damages in the amount of the commission, plus interest, attorney fees, and costs.

Defendants answered the complaint on July 21, 1987. In addition to generally denying the allegations in the complaint, defendants set forth several affirmative defenses. Also, Kahan, individually, subsequently filed a counterclaim against plaintiff and a third-party complaint against James Wetzel, a member of plaintiff, individually. Plaintiff filed motions to dismiss each of these pleadings.

On October 23, 1987, the trial court held a hearing on plaintiff's motions to dismiss defendants' various pleadings. The record shows, however, that the trial court was interested in neither defendants' pleadings nor plaintiff's motion to dismiss those pleadings. Rather, the court focused solely on the legal sufficiency of count I of the complaint, which alleged the existence of the lien and sought a declaration to that effect. At the close of the hearing, the trial court dismissed count I, ruling essentially that it failed to state a cause of action as a matter of law. Plaintiff appeals.

OPINION

■ The only issue before this court is whether count I of plaintiff's complaint states a cause of action. It is true that the trial court has the discretion to refuse to grant declaratory relief even though our declaratory judgment statute would permit a judgment under the

facts. However, where the complaint states a cause of action, the court has no discretion to grant a motion to dismiss. Indeed, we have held repeatedly that "[w]hen confronted with a motion to dismiss, the trial court must sustain the complaint unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to some type of relief." *Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799, 803, 398 N.E.2d 984, 986-87 (and cases cited therein).

A

This brings us to the main issue. Plaintiff argues that the beneficiaries were empowered to direct the trustees in the disposition of the property. Further, by signing the brokerage agreement, the beneficiaries obligated themselves to direct the trustees to grant plaintiff a lien on the property to secure payment of the commission.

 █ The trial court ruled that a lien on the property was unavailable to plaintiff as a matter of law. We disagree. An equitable lien is the right to have property subjected to the payment of a claim. It is neither a debt nor a property right; rather, it is a remedy for a debt. An equitable lien arises in two situations. First, the lien arises where the parties express in writing their intention to make real or personal property, or some fund, the security for a debt, or where there has been a promise to convey or assign the property as security. Second, equity recognizes such a lien without an express agreement between the parties, which arises wholly from general considerations of fairness and justice. In either case, the essential elements of an equitable lien are: (1) a debt, duty, or obligation owing by one person to another, and (2) a *res* to which that obligation attaches. (*W. E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.* (1985), 132 Ill. App. 3d 260, 269-70, 477 N.E.2d 513, 521 (and authorities cited therein).) The allegations in count I of the complaint reflect these principles.

 In support of the dismissal, defendants rely on well-settled legal principles governing Illinois land trusts. The Illinois land trust is intrinsically different from common law land trusts. At common law, the trustee holds legal title to the land while the beneficiary holds equitable title. In an Illinois land trust, however, the trustee holds both legal and equitable title; the beneficiary retains only a personal property interest. (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425, 428.) Since a beneficiary's interest in an Illinois land trust is only personal property, he can not, by definition, encumber the property with a lien. (*Hargrove v. Gerill Corp.* (1984),

124 Ill. App. 3d 924, 932, 464 N.E.2d 1226, 1231-32.) Defendants argue that since plaintiff seeks a lien on the property, rather than the beneficiaries' personal property interest, count I of the complaint was properly dismissed.

However, there is an equally well-settled exception to a beneficiary's inability to affect title to property in an Illinois land trust. A beneficiary of an Illinois land trust, when acting in his capacity as beneficiary, may enter into a valid contract affecting title to trust property if the trust agreement vests in him the sole right to direct the trustee to convey title. This rule was set forth in *Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 16-17, 260 N.E.2d 431, 435, and has been followed in many subsequent decisions. *First National Bank v. Oldenburg* (1981), 101 Ill. App. 3d 283, 287, 427 N.E.2d 1312, 1315 (and cases cited therein).

Applying these principles to the instant case, it is clear that count I of plaintiff's complaint is legally and factually sufficient. Plaintiff alleged the existence of a debt, *i.e.*, the unpaid commission, and the *res* to which the obligation attaches, *i.e.*, the property. Plaintiff alleged that the beneficiaries promised, in the brokerage agreement, to convey a lien on the property to secure payment of the commission. Plaintiff further alleged that Kahan was authorized to enter into the agreement on behalf of the other beneficiaries. Perhaps most importantly, plaintiff alleged that the beneficiaries possessed the right to direct a conveyance from or by the land trusts. We hold that count I of plaintiff's complaint states a cause of action.

## B

Defendants contend that even if count I states a cause of action for a lien, it presents no justiciable controversy. Defendants argue that count I does not seek a declaration of the brokerage agreement's terms, or even whether the agreement was breached. Rather, count I seeks a declaration of a lien, which is a remedy and not a contractual right. In other words, the determination of the lien's existence is separate from and secondary to the determination of the agreement's breach. Defendants argue that since no actual controversy regarding the contract is involved, but rather only a remedy, count I was properly dismissed.

We disagree. We have held repeatedly that a complaint for declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights and, if desired, other legal relief, states facts sufficient to state a good cause of action. Further, the "actual controversy" re-

quirement is meant merely to distinguish justiciable issues from abstract or hypothetical disputes. It is not intended to prevent the resolution of concrete disputes admitting of a definitive and immediate determination of the rights of the parties. *Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799, 803-04, 398 N.E.2d 984, 987.

■ An actual controversy is present in the case at bar. Contrary to defendants' assertions, the parties do not agree on the terms of the brokerage agreement. True, a lien is a remedy for a breached contract; in this case, however, it is not separate from the agreement as defendants argue. Indeed, plaintiff alleged that it is the agreement that granted it the lien. Therefore, what is at issue here, in addition to whether a breach occurred, is whether or not the brokerage agreement actually granted the lien. Thus, the case presents " 'a concrete dispute admitting of an immediate and definite determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof.' " (79 Ill. App. 3d at 804, 398 N.E.2d at 987, quoting *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300.) Additionally, defendants admitted in their answer that there is an actual controversy regarding the existence of the lien. We hold that count I of plaintiff's complaint states a cause of action for a declaratory judgment.

For the foregoing reasons, the order of the circuit court of Cook County, which dismissed count I of plaintiff's complaint, is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.