(No. 97118

*In re* RYAN B., a Minor (The People of the State of Illinois, Appellee, v. Ryan B., Appellant).

*Opinion filed September 23, 2004.*

Michael J. Pelletier, Deputy Defender, and Heidi Linn Lambros, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (Linda D. Woloshin, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Mary L. Boland and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

Respondent, Ryan B., was adjudicated delinquent based upon a finding that he had committed the offense of sexual exploitation of a child (720 ILCS 5/11—9.1(a—5) (West 2000)). Respondent was sentenced to five years' probation, was ordered to register as a sex offender pursuant to the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 2000)), and was ordered to submit to a DNA blood draw (730 ILCS 5/5—4—3 (West 2000)). The appellate court affirmed the judgment of the circuit court. No. 1—01—2320 (unpublished order under Supreme Court Rule 23). We granted

respondent's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## BACKGROUND

Respondent was charged as a delinquent minor for committing the offense of sexual exploitation of a child. At the time of the offense, respondent was 14 years old. The parties proceeded with a stipulated bench trial. The parties stipulated that, if called to testify, the victim, J.B., would testify that around 3 p.m. on August 19, 2000, respondent approached her and asked her to lift up her shirt so he could see her "boobs." At the time, J.B. was eight years old. J.B. knew respondent from the neighborhood. J.B. did lift up her shirt and expose her breasts to respondent.

The parties also stipulated that, if called to testify, Detective Hollister would testify that respondent was brought to the police station on August 19, 2000, and signed a waiver of his *Miranda* rights. Respondent was questioned about the incident with J.B. and admitted that he had asked J.B. to lift up her shirt and show him her "boobs." Respondent said that J.B. lifted her shirt for 5 to 10 seconds and that he was able to see her nipples when she lifted up her shirt. Respondent then went home. When Detective Hollister asked respondent why he asked J.B. to lift up her shirt, respondent said he had just thought of it and that he asked her because it "turned him on."

Based upon the stipulation, the trial court found respondent to be a delinquent minor. Respondent was placed on probation for five years and ordered to cooperate with any therapeutic placement to be determined later. As noted, respondent also was ordered to register as a sex offender and to submit a blood sample for DNA analysis. The latter two orders were stayed pending appeal.

On appeal, respondent argued that he had not been

proven delinquent beyond a reasonable doubt. Respondent claimed that the State had failed to establish that he had enticed, coerced or persuaded J.B. to lift her shirt, as required by statute in order to prove sexual exploitation of a child. Respondent also argued that juvenile sex offenders are not required to register under the Registration Act. Finally, respondent maintained that the Registration Act violates procedural due process because it fails to provide juvenile offenders the opportunity to be heard on the issue of their continuing danger to the community before requiring them to register as sex offenders.

The appellate court affirmed the judgment of the circuit court. The appellate court held that a rational trier of fact could have found that respondent coerced J.B. into lifting her shirt because "[o]ne could easily conclude that an 8-year-old girl would be intimidated by a 14-year-old boy who asked her to lift her shirt and expose her breasts. Such intimidation would explain J.B.'s compliance with respondent's request." The appellate court also held that a rational trier of fact could have found that respondent persuaded J.B. to lift her shirt. The appellate court stated that it was logical to conclude that J.B.'s decision to lift her shirt "was influenced solely by respondent's solicitation" and that "J.B. would not have lifted her shirt had respondent not specifically urged her to do so." In response to J.B.'s argument that merely asking J.B. to lift her shirt did not constitute persuasion, the appellate court stated that "[b]ecause respondent fails to identify any other persuasive factor that would have convinced J.B., an 8-year-old girl, to lift her shirt and expose her breasts to respondent, we are left with only one rational conclusion: that J.B. was persuaded and/or coerced by respondent."

Citing this court's decision in *In re J.W.*, 204 Ill. 2d 50 (2003), the appellate court also rejected respondent's

claim that juvenile sex offenders are not required to register under the Registration Act. Finally, the appellate court rejected respondent's claim that the Registration Act violates due process, noting that the registration requirement was not based upon a finding of dangerousness, but upon an adjudication of delinquency or a conviction for a sex offense.

## ANALYSIS

In this court, respondent again argues that he was not proven delinquent for sexual exploitation of a child beyond a reasonable doubt. In addition, respondent reasserts his claim that the Registration Act violates his right to procedural due process. Respondent also asks this court to reconsider its decision in *In re J.W.*

The statute at issue in this case provides that:

"A person commits sexual exploitation of a child who knowingly entices, coerces, or persuades a child to remove the child's clothing for the purpose of sexual arousal or gratification of the person or the child, or both." 720 ILCS 5/11—9.1(a—5) (West 2000).

The dispute in this case concerns whether respondent's actions constituted enticing, coercing or persuading as set forth in the statute. Because respondent's challenge to the sufficiency of the evidence against him does not question the credibility of the witnesses, but instead questions whether the uncontested facts were sufficient to prove the elements of sexual exploitation of a child, our review is *de novo. People v. Smith*, 191 Ill. 2d 408, 411 (2000). The State must prove the elements of the substantive offense charged in a delinquency petition beyond a reasonable doubt. *In re W.C.*, 167 Ill. 2d 307, 336 (1995).

Respondent maintains that the stipulated testimony showed only that he "asked" J.B. to lift her shirt and that she did so. Respondent denies that "asking" amounts to "coercing," "enticing" or "persuading" as

set forth in the statute. The State, however, maintains that respondent's actions qualify as enticing or persuading. The State argues that asking is one way to persuade or entice another person to do something, particularly where the victim is an 8-year-old girl and the respondent is a 14-year-old boy.

In order to determine whether asking constitutes coercing, enticing or persuading, we must look to the language of the statute. The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Caveney v. Bower*, 207 Ill. 2d 82, 87-88 (2003). The best indication of the legislature's intent is the statutory language, given its plain and ordinary meaning. *Caveney*, 207 Ill. 2d at 88. In the absence of a statutory definition indicating legislative intent, an undefined word must be given its ordinary and popularly understood meaning. *In re D.F.*, 201 Ill. 2d 476, 496 (2002).

Because the sexual exploitation of a child statute does not define the terms "entice," "coerce" or "persuade," we must look to the ordinary and popularly understood meaning of those terms. As the appellate court observed, Webster's Third New International Dictionary defines "entice" as "to draw on by arousing hope or desire." Webster's Third New International Dictionary 757 (1993). "Coerce" is defined as "to restrain, control, or dominate, nullifying individual will or desire (as by force, power, violence, or intimidation)." Webster's Third New International Dictionary 439 (1993). "Persuade" is defined as "to induce by argument, entreaty, or expostulation into some mental position (as a determination, decision, conclusion, belief) *** to use persuasion upon: plead with: URGE." Webster's Third New International Dictionary 1687 (1993).

Based upon the foregoing definitions, respondent argues that there was no evidence that he caused J.B. to

lift her shirt by arousing her hope and desire, that he restrained, controlled or intimidated J.B. into lifting up her shirt, or that he pleaded with or urged J.B. to lift her shirt. The stipulated testimony established only that respondent "asked" J.B. to lift her shirt and that she did so. Respondent notes that Webster's Third New International Dictionary defines "ask" as "put a question to: inquire of" and to "make a request of." Webster's Third New International Dictionary 128 (1993). Respondent contends that the appellate court erred in holding that because J.B. complied with respondent's request, it follows that she was coerced or persuaded into doing so. Respondent claims that the appellate court erroneously rendered the plain language of the statue meaningless by inferring that "ask" has the same meaning as "persuade" or "coerce."

The State concedes that respondent did not "coerce" J.B. to lift her shirt, as that word implies a measure of force. Nonetheless, the State argues that it is obvious that respondent enticed or persuaded J.B. to expose her breasts because she responded by complying with respondent's request. The State maintains that there is no evidence that J.B.'s exposure of her breasts was an independent act unsolicited by respondent.

Upon review, we agree with respondent that the State failed to prove him guilty of sexual exploitation of a child beyond a reasonable doubt. In order to commit the offense of sexual exploitation of a child, an offender must coerce, entice or persuade the child to remove her clothing. Giving the statutory terms "coerce," "persuade," and "entice" their plain and ordinary meanings, it is clear that asking does not rise to the level of coercing, persuading or enticing. The stipulated testimony in this case established only that respondent asked J.B. to lift her shirt and that she complied. As respondent argues, coercing, persuading or enticing requires something more

than making a single request of another. For example, had the stipulated testimony shown that respondent repeatedly requested, badgered or begged J.B. to lift her shirt, or explicitly or implicitly threatened J.B. into lifting her shirt, respondent's conduct would constitute coercion, persuasion or enticement as set forth in the statute. In the absence of any such evidence, however, we cannot hold that the stipulated facts were sufficient to prove the elements of sexual exploitation of a child.

Likewise, we cannot conclude that respondent enticed or persuaded J.B. to lift her shirt simply by virtue of the fact that she complied with respondent's request. The appellate court erred in holding that respondent persuaded J.B. to lift her shirt because it was logical to conclude that J.B.'s decision to lift her shirt "was influenced solely by respondent's solicitation" and that J.B. "would not have lifted her shirt had respondent not specifically urged her to do so." Contrary to the appellate court's interpretation, the only logical interpretation of the stipulated testimony is that J.B. lifted her shirt because respondent asked her to lift her shirt. The legislature has not made the mere asking of a child to remove her clothing a violation of the sexual exploitation of a minor statute. This court must interpret and apply statutes in the manner in which they are written, and we can neither restrict nor enlarge the meaning of an unambiguous statute. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394-95 (1998). That J.B. complied with respondent's request, then, without more, is not sufficient to establish a violation of the statute.

Further, we agree with respondent that the appellate court improperly shifted the burden of proof when it held that because respondent failed to identify any other persuasive factor that would have convinced J.B. to lift her shirt, the only rational conclusion was that J.B. was persuaded or coerced by respondent into lifting her shirt.

The State must prove the elements of sexual exploitation of a child beyond a reasonable doubt. See *In re W.C.*, 167 Ill. 2d at 336. Here, the State failed to do so.

The appellate court also finds coercion by virtue of the age difference between J.B. and the respondent, stating that "[o]ne could easily conclude that an 8-year-old girl would be intimidated by a 14-year-old boy who asked her to lift her shirt and expose her breasts." Given respondent's relative youth, however, we will not presume that the six-year age difference between respondent and J.B. in itself established coercion. The age difference between the parties certainly was a fact for the trial court to consider, and certainly could be dispositive if the offender was an adult or a person in a position of authority over the victim. As respondent observes, however, had the legislature intended to criminalize conduct between two minors based solely upon their age differences, the legislature would have included a presumptive inference of culpability based upon age differences in the statute. See *People v. Reed*, 148 Ill. 2d 1 (1992) (upholding statute imposing greater penalty on adults who engage in sexual conduct with minors when the adults are five or more years older than the minors). Here, however, the stipulated testimony was not sufficient to establish that the age difference between respondent and J.B. alone was sufficient to establish coercion. The stipulated testimony merely established that J.B. knew respondent from the neighborhood. Had the testimony shown that J.B. knew respondent from the neighborhood and believed him to be violent or threatening, or was otherwise fearful of him, we would agree with the appellate court that J.B. could have been intimidated when respondent asked her to lift her shirt. In this case, however, we will not assume intimidation merely because J.B. complied with respondent's request.

Although we do not condone respondent's behavior

in this case, we must reverse the judgment of the circuit and appellate courts adjudicating respondent a delinquent minor for committing the offense of sexual exploitation of a child. As noted, the legislature has not provided that merely asking a child to remove her clothing violates the sexual exploitation of a child statute. Here, the stipulated evidence established only that respondent asked J.B. to lift her shirt. Asking does not constitute coercing, persuading or enticing as set forth in the statute. Consequently, the stipulated testimony failed to establish beyond a reasonable doubt that respondent knowingly enticed, coerced or persuaded J.B. to lift her shirt.

Because we reverse the judgment adjudicating respondent a delinquent minor for committing the offense of sexual exploitation of a child, we need not address respondent's challenge to the circuit court's order requiring him to register as a sex offender or his challenge to the constitutionality of the Registration Act.

For all the foregoing reasons, the judgments of the circuit court of Cook County and the appellate court are reversed.

*Appellate court judgment reversed;*
*circuit court judgment reversed.*