# Illinois Official Reports

## Appellate Court

---

### *Trust Co. of Illinois v. Kenny*, 2019 IL App (1st) 172913

---

| | |
|---|---|
| Appellate Court Caption | TRUST COMPANY OF ILLINOIS, as Successor Trustee of the Alice J. Ruzicka 2010 Trust Dated June 20, 2010, as Amended, and MARQUETTE BANK, as Trustee of Trust No. 81-9-5, Plaintiffs, v. DENNIS G. KENNY, as Successor Trustee of the James Ruzicka 2010 Trust Dated June 30, 2010; FIFTH THIRD BANK, as Trustee of Trust No. 5076, EDWARD STACHNIK; UNKNOWN HEIRS OF EDWARD STACHNIK; ROSE MARY STACHNIK, f/k/a Rose Mary Ludvik; UNKNOWN HEIRS OF ROSE MARY STACHNIK, f/k/a Rose Mary Ludvik; EDWARD WILKOWSKI III; ALBERT WILKOWSKI; LISA McCRORY; JAMES RUZICKA III; ALEC WILKOWSKI; BENJAMIN WILKOWSKI; ELLA WILKOWSKI; ROBIN WILKOWSKI; MARGARET WILKOWSKI; and THOMAS WILKOWSKI, Defendants (Trust Company of Illinois, Plaintiff-Appellee; Dennis G. Kenny, Defendant-Appellant; Edward Wilkowski III, Alec Wilkowski, Benjamin Wilkowski, and Ella Wilkowski, Defendants-Appellees). |
| District & No. | First District, Third Division<br>Docket No. 1-17-2913 |
| Filed | January 23, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-05174; the Hon. Michael T. Mullen, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Thomas D. Bransfield, of Bransfield & Bransfield, P.C., of Chicago, for appellant. |
| | |
| | Joseph G. Phelps, of Rinella and Rinella, Ltd., of Chicago, for appellees Edward Wilkowski III, Alec Wilkowski, Benjamin Wilkowski, and Ella Wilkowski. |
| | |
| | No brief filed for other appellee. |
| | |
| | |
| Panel | JUSTICE COBBS delivered the judgment of the court with opinion. Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion. |

**OPINION**

¶ 1   Defendant-Appellant, Dennis G. Kenny, appeals the judgment of the circuit court denying his motion for summary judgment in a quiet title action filed by the plaintiffs, Trust Company of Illinois and Marquette Bank. Cross-motions for partial summary judgment were filed by Kenny, as trustee of the James Ruzicka 2010 Trust and defendant-appellees, Edward Wilkowski III, Alec Wilkowski, Benjamin Wilkowski, and Ella Wilkowski (Wilkowskis) on counts I and II of plaintiffs' complaint. The circuit court denied Kenny's motion for summary judgment, granted summary judgment in favor of the Wilkowskis, and entered judgment for plaintiffs on count I and II of their complaint. On October 19, 2017, the circuit court denied Kenny's motion to reconsider.

¶ 2   On appeal, Kenny argues that the circuit court (1) erroneously applied the after-acquired-title doctrine to 1981 deed when the deed does not reflect a "sale and conveyance to another" and (2) violated all sense of equity and fairness by ignoring 2010 estate plan. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4   The cause of action stems from a dispute between the parties over ownership of a single-family residence located at 370 Uvedale Road, Riverside, Illinois (the Property). The dispute developed after a number of conveyances were made by individuals with unclear title. Therefore, the timeline of the conveyances is pertinent to the disposition of this case and is set forth below.[1]

¶ 5                           A. The Stachniks' Double Conveyance

¶ 6   Prior to 1976, Rose Mary Stachnik and her husband Edward Stachnik owned title to the Property. On August 28, 1976, the Stachniks executed and recorded a deed in trust (the 1976

---

[1]We rely on the parties' stipulation to the facts surrounding the timeline of the conveyances.

Deed). The 1976 Deed purported to convey all legal and equitable title in the Property to First National Bank of Cicero (Cicero Bank), trust No. 5076 (Stachnik Land Trust).

¶ 7　　　In 1977, after the conveyance to Cicero Bank, the Stachniks conveyed the Property again. On or about April 28, 1977, the Stachniks executed and recorded a warranty deed (the 1977 Deed), selling the Property to James Ruzicka and his wife Alice Ruzicka as joint tenants in exchange for approximately $130,000.

¶ 8　　　　　　　　　　　　　　　　B. The Ruzickas

¶ 9　　　After receiving the 1977 Deed, the Ruzickas took possession of the Property, paid all real estate taxes, and continuously lived on the Property for over 30 years—from 1977 until their respective deaths in 2010 and 2014. During that time, the Ruzickas made several conveyances.

¶ 10　　　　　　　　　　　　1. Creation of Multiple Trusts

¶ 11　　　On or about September 18, 1981, the Ruzickas executed and recorded a deed in trust (the 1981 Deed) to Garfield Ridge Trust & Savings Bank (Garfield Bank) as trustee of land trust number 81-9-5 (Ruzickas Land Trust).[2] The Ruzicka Land Trust agreement designated the Ruzickas as holding the beneficial interest and power of direction as joint tenants. On or about September 17, 2001, the Ruzickas executed an amendment to the Ruzicka Land Trust that extended the agreement for an additional 20 years.

¶ 12　　　On June 30, 2010, the Ruzickas established two individual trusts: the James Ruzicka 2010 Trust (James Trust) and Alice J. Ruzicka Trust (Alice Trust). On or about August 16, 2010, the Ruzickas, in their individual capacities, executed and recorded a deed in trust (the 2010 Deed). The 2010 Deed conveyed to the Ruzickas their individual interests in the Property as trustees of their respective trusts.

¶ 13　　　　　　　　　　　　2. Death and Distribution

¶ 14　　　On September 3, 2010, James Ruzicka passed away. Upon his death, Alice Ruzicka became a successor trustee of the James Trust and James's estate was disposed of through the terms and provisions of his trust. The terms of the James Trust provided that the trustee distribute one-half of the residue of James's trust to his heirs and one-half to Alice's heirs. The distribution of the residue of James's trust was directed as follows: of the half designated for James's heirs, half to his sister, Mary Pizzo and one-sixth to each of his nephews, James Ruzicka, Thomas Ruzicka, and Robert Ruzicka, whereas the half designated for Alice's heirs was one-fourth to her grandnephew, Edward Wilkowski III, one-fourth to her grandniece, Lisa McCrory, and one-half to her nephew, Albert Wilkowski Jr.

¶ 15　　　On December 2, 2011, Alice, in her capacity as trustee of the James Trust, executed and recorded a trustee's deed (the 2011 Deed), which transferred an undivided one-half interest from the James Trust to the Alice Trust. On December 14, 2012, Alice executed a survivorship amendment to the Ruzicka Land Trust. The survivorship amendment not only stated that Alice survived James but also named the Alice Trust as the sole beneficiary upon her death.

---

[2]Marquette Bank is the successor to Garfield Bank, the named trustee of the Ruzicka Land Trust. Marquette Bank is not a party to this appeal.

¶ 16 After Alice's death on July 13, 2014, Kenny became successor trustee of the James Trust and plaintiff-appellee, Trust Company of Illinois, became successor trustee of the Alice Trust. Alice's estate was disposed of through the terms and provisions of her trust that provided for a final distribution of all assets held in the trust. Particularly, the terms provided that the trustee distribute title to the Property to Alice's grandnephew, defendant-appellee, Edward Wilkowski III.

¶ 17                                    C. The Property Dispute

¶ 18 Plaintiffs, Trust Company of Illinois and Marquette Bank, filed suit to quiet title in the circuit court of Cook County. In count I of the complaint, plaintiffs alleged that Marquette Bank, as trustee of the Ruzicka Land Trust and successor of Garfield Bank, currently holds all legal and equitable title to the Property. Moreover, plaintiffs asserted that the 1976 Deed is null and void and should be set aside because there is no evidence to show that the Stachnik Land Trust was created. In count II, plaintiffs alleged that even if the court found the 1976 Deed to be a valid conveyance of the Property, the Ruzickas still acquired title to the Property through adverse possession. Therefore, the Ruzickas' subsequent 1981 Deed to Garfield Bank and successor Marquette Bank was valid. In count III, Trust Company of Illinois sought guidance from the court regarding whether it should pursue a claim to invalidate the 2011 Deed.

¶ 19 Kenny and the Wilkowskis both moved for partial summary judgment on only counts I and II of plaintiff's complaint by filing cross-motions. The suit to quiet title turned on the current status of the Property's ownership. Thus, the issues before the circuit court were (1) whether the 1976 Deed should be set aside due to the lack of evidence showing its existence, (2) whether the 1981 Deed conveying the Property from the Ruzickas to the Ruzicka Land Trust was valid, and (3) whether any of the conveyances by the Ruzickas subsequent to the 1981 Deed were valid.

¶ 20                                    D. The Circuit Court's Ruling

¶ 21 The circuit court denied Kenny's motion for summary judgment, granted summary judgment in favor of the Wilkowskis, and entered judgment for the plaintiffs on count I and II of their complaint. The circuit court, on its own motion, dismissed count III as being moot in light of its findings.

¶ 22 The circuit court found that an issue of material fact remains as to the 1976 Deed given that there is no evidence to establish the existence of the Stachnik Land Trust, aside from the 1976 Deed itself. The court held that the existence of the 1976 Deed created a genuine issue of material fact. Therefore, the circuit court found that the "issue of whether the 1976 Deed should be set aside cannot be resolved at this stage of the proceedings." Accordingly, the circuit court noted that whether the Ruzickas subsequently acquired title to the Property through the 1977 Deed was unclear. Notwithstanding this issue of material fact, the circuit court held that the Ruzickas acquired title to the Property by adverse possession under color of title in 1984, upon expiration of the seven-year statute of limitation.

¶ 23 The circuit court further held that the 1981 Deed conveying the Property from the Ruzickas to the Ruzicka Land Trust was a valid conveyance by applying the after-acquired-title doctrine. 765 ILCS 5/7 (West 2016). Additionally, the circuit court found that all attempts by the Ruzickas to convey the Property subsequent to the 1981 Deed were made without legal authority. The circuit court also noted that the Ruzickas held a beneficial interest in the

- 4 -

Property as joint tenants, thereby James's interest passed to Alice upon his death and Alice's interest remains assigned to her trust. As such, Marquette Bank is the current holder of all legal and equitable title to the Property and the beneficial ownership of the Property belongs to the Alice Trust in its entirety.

¶ 24　　On August 3, 2017, Kenny filed a motion to reconsider. In his motion to reconsider, Kenny argued that the circuit court incorrectly applied the after-acquired-title doctrine to the 1981 Deed because it did not involve a sale and conveyance. On October 19, 2017, the circuit court denied Kenny's motion to reconsider. Kenny now appeals the circuit court's order granting summary judgment in favor of the Wilkowskis.

## ¶ 25　　II. ANALYSIS

¶ 26　　First, Kenny argues that the circuit court's *sua sponte* application of the after-acquired-title doctrine was erroneous because the statute is expressly limited to transactions involving both a sale and conveyance. Kenny contends that the 1981 Deed was neither a sale nor a conveyance and therefore the after-acquired-title doctrine does not apply. Next, Kenny argues that the circuit court misconstrued our supreme court's holding in *Tompkins State Bank v. Niles*, 127 Ill. 2d 209 (1989). Lastly, Kenny argues that the circuit court's decision violates all sense of equity and fairness by awarding 100% of the Property's title to the Alice Trust. Kenny contends that this award is contrary to the Ruzickas' intentions as expressed by the execution of their individual trusts in 2010. Therefore, Kenny requests this Court to reverse the circuit court's decision.

## ¶ 27　　A. Standard of Review

¶ 28　　We review a trial court's entry of summary judgment *de novo*. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163 (2007). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). When parties file cross-motions for summary judgment, "they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. "Our function is to determine whether the trial court correctly found that no genuine issue of material fact existed and whether it correctly entered summary judgment ***." *Morningside North Apartments I, LLC v. 1000 N. La Salle, LLC*, 2017 IL App (1st) 162274, ¶ 10 (citing *Fitzwilliam v. 1220 Iroquois Venture*, 233 Ill. App. 3d 221, 237 (1992)). Furthermore, "[i]t is the trial court's judgment and not its reasoning that is on appeal." *Id.* (citing *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983)).

## ¶ 29　　B. Section 7 of the Illinois Conveyances Act

¶ 30　　Kenny contends that the circuit court improperly applied the after-acquired-title doctrine, which he argues is limited to transactions that involve both a "sale and conveyance to another" and the 1981 Deed was neither a sale nor a conveyance. The Wilkowskis agree that the 1981 Deed to Garfield Bank was not a sale; however, they assert that it was a conveyance, and the doctrine only requires one or the other. As the parties disagree over the scope of the doctrine as codified in section 7 of the Conveyances Act (765 ILCS 5/7 (West 2016)), the issue is one of statutory interpretation.

¶ 31 Interpretation of a statute is a question of law and is subject to *de novo* review on appeal. *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005). The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Wisniewski v. Kownacki*, 221 Ill. 2d 453, 460 (2006). The most reliable indicator of that intent is the "language of the statute, which is to be given its plain and ordinary meaning." *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). In determining the plain meaning of statutory terms, a court must "consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Id.*

¶ 32 When the statutory language is clear and unambiguous, a court may not depart from the plain language by reading into the statute " 'exceptions, limitations or conditions that the legislature did not express.' " *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 15 (quoting *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990)). Moreover, the language of the statute must be "applied as written, without resort to extrinsic aids of statutory construction." *Midwest Medical Records Ass'n*, 236 Ill. 2d at 440. However, a court may consider extrinsic aids of construction if a statute can reasonably be understood in two or more different ways. *Id.*

¶ 33                                     1. Plain Language

¶ 34 Section 7 of the Conveyances Act states:
> "If any person shall sell and convey to another, by deed or conveyance, purporting to convey an estate in fee simple absolute, in any tract of land or real estate, lying and being in this state, not then being possessed of the legal estate or interest therein at the time of the sale and conveyance, but after such sale and conveyance the vendor shall become possessed of and confirmed in the legal estate to the land or real estate so sold and conveyed, it shall be taken and held to be in trust and for the use of the grantee or vendee; and the conveyance aforesaid shall be held and taken, and shall be as valid as if the grantor or vendor had the legal estate or interest, at the time of said sale or conveyance." 765 ILCS 5/7 (West 2016).

¶ 35 Section 7 of the Conveyances Act begins with the sentence "[i]f any person shall sell and convey," creating the condition of "sell and convey" for the after-acquired-title doctrine to be triggered. *Id.* The conjunction "and" is used several times joining the various iterations of "sell" and "convey." The use of the conjunction "and" suggests that the legislature intended that all of the listed conditions or requirements must be satisfied. *In re M.M.*, 2016 IL 119932, ¶ 21.

¶ 36 However, section 7 continues and switches to the use of "or" between "sell" and "convey" in the last clause of the section. Additionally, the disjunctive "or" is also used in between the terms "grantor/grantee" and "vendor/vendee." Generally, the use of "or" and other disjunctives indicate " 'alternatives and requires separate treatment of those alternatives.' " *In re E.B.*, 231 Ill. 2d 459, 468 (2008) (quoting *Tietema v. State¸* 926 P.2d 952, 954 (Wyo. 1996)).

¶ 37 The Conveyances Act does not define "grantor/grantee" and "vendor/vendee." Thus, we may look to the dictionary meaning of the terms. *In re Ryan B.*, 212 Ill. 2d 226, 232 (2004) ("In the absence of a statutory definition indicating legislative intent, an undefined word must be given its ordinary and popularly understood meaning."). Grantor refers to "[s]omeone who conveys property to another" whereas vendor refers to a "seller," usually in the context of real property. Black's Law Dictionary (10th ed. 2014). Our reading of these terms is not disputed by Kenny.

¶ 38 The use of the disjunctive "or" in the final clause of section 7, as well as in between the terms "grantor," "vendor," and the variants of these terms, suggests that the doctrine does not necessarily require both a sale and a conveyance and may be applied where there is either a sale or a conveyance. Thus, we find that the statute as written is ambiguous as it relates to the requirements to invoke the after-acquired-title doctrine. See *People v. Jameson*, 162 Ill. 2d 282, 288 (1994) (providing that when statutory language is susceptible to more than one reasonable interpretation, the statute is considered ambiguous).

¶ 39                              2. Legislative Intent

¶ 40 Having found the statute's plain language to be ambiguous, we turn to extrinsic aids to determine its meaning. Our research reveals that there is little information on what the Illinois General Assembly intended when it included or codified the after-acquired-title doctrine in section 7 of the Conveyances Act. Unlike modern acts or bills that are accompanied by committee reports, hearings, floor debates, and other materials that would aid in determining the legislative intent, there is little to no record on the Conveyances Act. Furthermore, the Illinois General Assembly passed section 7 as part of a comprehensive act that covered numerous aspects of conveyance law.

¶ 41 Our research further reveals that while other sections of the Conveyances Act have been amended over the years, section 7 has had no apparent changes or amendments to its language since it was enacted in 1827. Notably, courts' application of the after-acquired-title doctrine has not prompted legislative change in the language. Thus, we may properly consider cases that have applied the after-acquired-title doctrine to determine the legislature's intent and purpose. See *People v. Hairston¸* 46 Ill. 2d 348, 353 (1970) ("where a statute has been judicially construed and the construction has not evoked an amendment, it will be presumed that the legislature has acquiesced in the court's exposition of the legislative intent").

¶ 42                            3. Judicial Interpretation

¶ 43 Kenny argues that no precedent exists to support the application of the doctrine to this case, which involves a deed in trust. He argues that courts have mainly applied the doctrine in situations involving sales, which require that the "parties standing to each other in the relation of buyer and seller, their minds must assent to the same proposition, and a consideration must pass." Black's Law Dictionary 1200 (5th ed. 1979). He reiterates that the Ruzickas' 1981 deed in trust did not constitute a sale and therefore the doctrine is inapplicable. We agree that prior cases have not addressed the after-acquired-title doctrine in the specific context of a deed in trust or land trusts, however, we do not agree that this proves the doctrine solely applies to transactions that include both a sale and conveyance. For instance, the doctrine of estoppel or after-acquired-title doctrine has been applied in the context of mortgages. See *Cooper v. Robinson*, 302 Ill. 181 (1922); *Gochenour v. Mowry*, 33 Ill. 331 (1864); *Weegens v. Karels*, 374 Ill. 273 (1940); *Tompkins*, 127 Ill. 2d at 217 (noting that the after-acquired-title doctrine not only applies to warranty deeds but also to mortgages as long as the mortgage instrument contains certain covenants of title).

¶ 44 Although a mortgage may include consideration, it is not a sale, and our courts' prior application of the doctrine to mortgage cases contradicts Kenny's proposed construction of the

statute.[3] Thus, we find that section 7 of the Illinois Conveyances Act is not expressly limited to transactions involving both a sale and conveyance. Rather, as judicially construed, the after-acquired-title doctrine applies broadly when there is either a sale or conveyance.

¶ 45                                    C. *Tompkins State Bank v. Niles*

¶ 46        Kenny argues that the circuit court erroneously found the doctrine applied by selectively quoting *Tompkins*, 127 Ill. 2d 209, and ignoring other parts of the court's opinion. Kenny points to the sentence in *Tompkins* which states:

> "The doctrine of after-acquired-title *** provides that if a person sells or conveys to another an estate in land which the vendor does not possess, but then after the sale or conveyance, the vendor does 'become possessed of and confirmed in the legal estate to the land or real estate so sold or conveyed,' the vendor holds the subsequently acquired estate in trust for the person or entity to whom the original conveyance was made." *Id.* at 217.

¶ 47        He further argues that the use of the term "vendor" by the *Tompkins* court rather than "grantor" indicates that our supreme court contemplated the after-acquired-title doctrine to apply to a transaction involving a sale. We briefly note that Kenny's argument regarding the application of the doctrine requiring a sale is unpersuasive. Although the court used the term vendor, the court also used the word "or" between the words sell and convey. Thus, the cited sentence does not support Kenny's limited construction of the statute. As we previously indicated, section 7 of the Conveyances Act is to be applied broadly to transactions involving either sales or conveyances.

¶ 48        Furthermore, we find that the circuit court's reliance on *Tompkins* was not misplaced. The circuit court cited *Tompkins* only for the proposition that the after-acquired-title doctrine is "based upon the principle that where one having no title or imperfect title purports to convey good title to another, and afterwards acquires good title to the land, the subsequently acquired title should and does inure to the benefit of the original grantee." *Id.* The *Tompkins* court never discussed whether there must be both a sale or conveyance for the after-acquired-title doctrine to apply.

¶ 49        *Tompkins* dealt with a mortgage foreclosure action. *Id.* at 213. The action arose out of a transaction where defendants executed a mortgage in favor of a bank to secure several outstanding notes. *Id.* However, at the time they executed the mortgage, the defendants did not have legal title to the property. *Id.* at 217. The defendants were later in the position to inherit title to the property but filed disclaimers of their interest. *Id.* at 214. The court considered and briefly discussed the bank's argument that the mortgage lien attached to and encumbered the property by virtue of the after-acquired-title-doctrine. *Id.* at 216-17. However, the central issue before the court in *Tompkins* was whether the disclaimers were valid. The court found that the disclaimers were valid and that defendants never became " 'possessed of or confirmed in the

---

[3]"In 1900, [the Illinois Supreme Court] recognized the common law precept that a mortgage was a conveyance of a legal estate vesting title to the property in the mortgagee." *Harms v. Sprague*, 105 Ill. 2d 215, 222 (1984) (citing *Lightcap v. Bradley*, 186 Ill. 510, 519 (1900)). Illinois courts later rejected the "title theory" of mortgages in favor of the "lien theory." *Id.* at 222-23. Thus, finding that " 'the holder of the mortgage takes only a lien thereunder.' " *Id.* at 223 (quoting *Kling v. Ghilarducci*, 3 Ill. 2d 454, 460 (1954)). Regardless, courts have held the doctrine of after-acquired-title applies to mortgages.

legal estate.' " *Id.* at 221. Accordingly, the court held that the after-acquired-title doctrine did not apply. *Id.* Thus, further review of *Tompkins* does not inform our disposition of this case nor does it prove that the circuit court erred in citing the case where it was solely used as citation for the general principle of the after-acquired-title doctrine.

¶ 50                                    D. Valid Conveyance

¶ 51     Given that the 1981 Deed was not a sale, which both parties have conceded, we must next determine whether the 1981 Deed, which purported to convey the Property to the Ruzicka Land Trust, was a valid conveyance and fell within the scope of section 7 of the Conveyances Act.

¶ 52     A land trust is a "device by which the real estate is conveyed to a trustee under an arrangement reserving to the beneficiaries the full management and control of the property." *Robinson v. Chicago National Bank*, 32 Ill. App. 2d 55, 58 (1961). In a conventional land trust, the trustee holds the legal title and the beneficial owner holds the equitable title. *Paine/Wetzel Associates, Inc. v. Gitles*, 174 Ill. App. 3d 389, 393 (1988). An Illinois land trust is different in that the trustee holds both the legal and equitable title while the beneficiary only holds personal property interest. *Id.*

¶ 53     Kenny argues that the 1981 Deed was not a conveyance to another because a conveyance is a transfer of control from one person to a third party. As support, he cites to *FirstMerit Bank, N.A. v. Soltys*, 2015 IL App (1st) 140100. However, the court in *Soltys* did not define a conveyance as a transfer of control. Rather, the court provided that " '[t]itle refers only to a legal relationship to the land, while ownership is comparable to control.' " *Id.* ¶ 23 (quoting *IMM Acceptance Corp. v. First National Bank & Trust Co. of Evanston*, 148 Ill. App. 3d 949, 954 (1986)). The court also noted that " 'courts have recognized that the beneficiary is the owner of and has an interest in the real estate *res*' " and that " 'every attribute of real property ownership, except title, is retained by the beneficiary under the trust agreement.' " *Id.* (quoting *IMM Acceptance Corp.*, 148 Ill. App. 3d at 954-55). Thus, we understand Kenny's argument to mean that the beneficiary is a true owner of a land trust and therefore, a land trust arrangement does not constitute a conveyance.

¶ 54     However, in *Bennett v. Chicago Title & Trust Co.*, the court declined to extend the proposition that a land trust beneficiary has an " 'interest in the real estate *res* of [the] land trust for some purposes' beyond cases involving statute of frauds, real estate taxation and an eminent domain proceeding." 404 Ill. App. 3d 1088, 1097 (2010); see also *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 493-94 (1979) (holding that a land trust beneficiary is the owner of the real estate for purposes of taxation); *Department of Conservation v. Franzen*, 43 Ill. App. 3d 374, 381 (1976) (noting that a land trust beneficiary held an interest in the property for purposes of filing a cross-petition in a eminent domain proceeding). As such, we decline to expand this principle of the beneficiary as the true owner to conveyances. Therefore, we agree with the Wilkowskis that a conveyance is a transfer of interest, not necessarily ownership, control, and all residual beneficial interest. Given that a land trust is a device through which legal and equitable interest is conveyed or transferred to a trustee, we find that the 1981 Deed was a valid conveyance under the Illinois Conveyances Act and the after-acquired-title doctrine was applicable in this case.

¶ 55 E. Status of Ownership

¶ 56 Having determined that the 1981 Deed was a valid conveyance under section 7 of the Illinois Conveyances Act, we must determine whether the circuit court erred in holding that Marquette Bank is the current holder of all legal and equitable title to the Property and 100% of the beneficial ownership of the Property belongs to the Alice Trust.

¶ 57 In a land trust, the powers of a beneficiary and trustee are distinct. *Madigan v. Buehr*, 125 Ill. App. 2d 8, 16-17 (1970). A beneficiary of a land trust cannot convey an interest in the real property held by the trust because a mere beneficiary does not typically hold legal or equitable title. See *Paine/Wetzel Associates*, 174 Ill. App. 3d at 393. Therefore, when a beneficiary of a land trust deals with the property as if no trust exists and contracts, as owner, to sell the property, then the contract is void as being beyond the beneficiary's power to act. *Nikolopulos v. Balourdos*, 245 Ill. App. 3d 71, 78 (1993).

¶ 58 Here, the Ruzickas executed a Deed in Trust, conveying the Property to the Ruzicka Land Trust. Garfield Bank was named as the trustee holding legal and equitable title to the Property whereas the Ruzickas owned all the beneficial interest in the property as joint tenants. Furthermore, the Land Trust agreement provided that the power to convey the Property was reserved solely for Garfield Bank as the named trustee. Therefore, the Ruzickas had no right to convey the Property as beneficiaries. Accordingly, we find that the Ruzickas' attempts to convey the Property subsequent to the 1981 Deed were invalid or unenforceable and that the circuit court did not err in finding Marquette Bank, as successor to Garfield Bank, is the current title holder with beneficial ownership belonging to the Alice Trust.

¶ 59 Lastly, we find Kenny's argument that the circuit court's decision violates all sense of equity and fairness meritless. By affirming the circuit court's judgment, we find that the circuit court correctly applied the after-acquired-title doctrine to the 1981 Deed and found the 2010 Deed and 2011 Deed to be improper attempts to convey the Property.

¶ 60 III. CONCLUSION

¶ 61 For the reasons stated, we affirm the judgment of the circuit court.

¶ 62 Affirmed.